**UNITED STATES of America**

v.

**Louis J. KRIPPLEBAUER, Jr.**

**Crim. No. 78–143.**

United States District Court, E. D. Pennsylvania.

Oct. 12, 1978.

Pamela Phillips Maki, Asst. U. S. Atty., Philadelphia, Pa., for the U. S.

Thomas C. Branca, Philadelphia, Pa., for Kripplebauer.

OPINION

DITTER, District Judge.

The defendant was convicted of failing to appear for incarceration as required by a sentence of court. Post-trial motions contend that he was prejudiced by the Government's delay in seeking his indictment, that there were trial and suppression hearing errors, and that even under the Government's contentions as to the facts, he is entitled to a judgment of acquittal.

On August 17, 1976, the Honorable Daniel H. Huyett of this court sentenced Louis James Kripplebauer to imprisonment for interstate shipment of stolen property. Execution of the sentence was stayed for 60 days during which time Kripplebauer's bail was continued. The terms of that bail required him to remain within the Greater Philadelphia area. Within the 60 days, local authorities in Cherry Hill, New Jersey,

issued an arrest warrant for the defendant, charging him with receiving stolen goods and unlawful possession of firearms which had been found in his residence following the execution of two search warrants. Efforts to locate Kripplebauer under the New Jersey arrest warrant, however, proved futile. The police were told by his wife that she had not known his whereabouts for several weeks. Federal authorities also received an informant's tip that the defendant planned to flee prior to the date set for commencement of his sentence.

Armed with this information, the Government petitioned Judge Huyett to revoke defendant's bail for the violation of its conditions. As a result, the court issued a bench warrant for Kripplebauer's arrest on October 7, 1976, 11 days before he was scheduled to report for incarceration. Over five months later, in March, 1977, the defendant was arrested on this bench warrant in California. On May 3, 1978, more than one year later, Kripplebauer was indicted for willfully failing to appear as ordered by the court in violation of 18 U.S.C. § 3150.

■ The defendant first contends that the indictment against him should be dismissed because of the Government's delay in obtaining it for 13 months following his arrest. Speedy trial times are triggered, however, by arrest (or indictment) for the crime in question, not detention for some other offense. Here the record amply demonstrates that Kripplebauer was not arrested for failing to appear[1] but on Judge Huyett's bench warrant. Kripplebauer argues that there is a substantial identity between the crime for which he was tried and that for which he was arrested and that therefore speedy trial guarantees attached when he was taken into custody. In this regard he cites *United States v. DeTienne*, 468 F.2d 151, 155 (7th Cir. 1972):

It would be absurd in the extreme if an arrest on one charge triggered the Sixth Amendment's speedy trial protection as to prosecutions for any other chargeable offenses. Of course, if the crimes for which a defendant is ultimately prosecuted really only gild the charge underlying his initial arrest and the different accusatorial dates between them are not reasonably explicable, the initial arrest may well mark the speedy trial provision's applicability as to prosecution for all the interrelated offenses.

He also points to the application of this doctrine in *United States v. Cabral*, 475 F.2d 715 (1st Cir. 1973).

■ I am not persuaded. Kripplebauer was indicted and convicted for failing to appear on October 18 in obedience to Judge Huyett's order. He was arrested on a bench warrant issued in response to the charge that he had violated the conditions of his bail by leaving New Jersey without authority on or before September 23. There is no gilding and no substantial identity. In fact, there is no identity at all. If he had appeared on October 18, he could still have been guilty of violating his bail conditions. He could have abided by the conditions of bail and, had he not reported for incarceration on October 18, been charged with failing to appear. The fact that there is an underlying relationship between Kripplebauer's violating the terms of his bail and his being prosecuted for failing to appear does not mean that he became an accused for the purposes of the latter when he was arrested for the former.[2]

Since the defendant's arrest was for a matter other than that for which he was tried, a consideration of the factors announced in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 161 (1972), is un-

---

1. Kripplebauer was sentenced on August 17, 1976. At the same time, Judge Huyett stayed execution of sentence for 60 days during which the defendant was not to leave New Jersey, except when permission was granted by the probation department. The bench warrant Judge Huyett ordered on October 7, 1976, was in response to the Government's motion which alleged the defendant had violated the terms of his bail. The warrant issued the same day ordered Kripplebauer's arrest for "Violation or the Conditions of Bail." As the return shows, it was on the authority of this warrant that he was arrested by the FBI on March 20, 1977.

2. See *United States v. Panetta*, 436 F.Supp. 114, 123 (E.D.Pa.1977) and cases therein cited.

necessary. The same is true so far as defendant's argument is addressed to this court's Speedy Trial Act Plan for Achieving Prompt Disposition of Criminal Cases, adopted pursuant to the Speedy Trial Act of 1974, 18 U.S.C. § 3165. In this regard, the defendant urges that I exercise my discretion to dismiss the indictment because of the delay involved. His request is refused. The dismissal of an indictment is a severe remedy, not warranted by the circumstances present in this case.

The defendant also argues that he is entitled to a judgment of acquittal because the Government's proof did not establish a violation of the statute in question, 18 U.S.C. § 3150. That section of the Code provides:

Whoever, having been released pursuant to this chapter [Chapter 207, 18 U.S.C.], willfully fails to appear before any court or judicial officer as required, shall . . incur a forfeiture of any security which was given or pledged for his release, and, in addition, shall, (1) if he was released in connection with a charge of felony, or while awaiting sentence or pending appeal or certiorari after conviction of any offense, be fined not more than $5000. or imprisoned not more than five years, or both, . . .

Kripplebauer asserts that under the evidence established by the Government, he did not fall within any of the enumerated categories. He was not awaiting sentence, since he had already been sentenced. He was not released pending appeal or certiorari as no appeal or certiorari was filed by him. He asserts that he was not "released in connection with a charge of felony" because that phrase, as recognized by the bill of indictment refers to 18 U.S.C. § 3146, which in turn provides for release in noncapital cases prior to trial. His release, of course, was not before trial but was after sentence.

■ Section 3150 cannot be as narrowly construed as the defendant suggests. Chapter 207, to which it refers, provides a comprehensive system for the release of material witnesses (Section 3149), those who are awaiting trial (Section 3146), and those who have been convicted of an offense and are "either awaiting sentence or sentence review," (Section 3148). Kripplebauer had been charged with a felony and had been sentenced for it. The words in Section 3148 "awaiting sentence" cannot be limited to mean the *imposition* of sentence, but must also be interpreted to mean the *execution* of sentence. Any other reading of the act would, as a practical matter, preclude a judge's delaying the execution of a sentence, however desirable it might be, and lead to the ridiculous interpretation that while an innocent, untried person who failed to appear could be sent to prison for five years, a guilty man who jumped bail could not be punished. The statute should not be interpreted to reach absurd results.

■ Finally, the defendant contends that he was denied due process in the proceedings which resulted in the issuance of Judge Huyett's bench warrant. He asserts that there was an ex parte proceeding, i. e., that he was denied due process because he was not given notice and an opportunity to be heard. I reject the intriguing suggestion that the Government must stand helpless because it cannot give a bail jumper notice of the fact that he is being accused of jumping bail. The defendant's suggestion that there was no probable cause for the issuance of the bench warrant is equally without merit. As reported to Judge Huyett, Kripplebauer was found not to be at home, his wife professed to have been unaware of his whereabouts for several weeks, and he could not be found by state authorities. These facts constituted probable cause for Judge Huyett's action without even considering the tips supplied by the Government informant. Since there is no basis for finding that Judge Huyett's bench warrant was improperly issued, defendant's contention that the evidence seized from him at the time of his arrest should have been suppressed is also without merit.

I have considered the defendant's remaining assertions. They do not warrant discussion. Accordingly, his motions for a new trial and/or arrest of judgment must be refused.