**UNITED STATES of America, Appellee,**

v.

**Charles RAY a/k/a Carl Hathcock, Appellant.**

**No. 84–2230.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 9, 1985.

Decided July 29, 1985.

Lawrence Fleming, St. Louis, Mo., for appellant.

Larry D. Hale, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before LAY, Chief Judge, FAGG, Circuit Judge, and HARRIS,* District Judge.

LAY, Chief Judge.

Charles Ray a/k/a Carl Hathcock appeals his conviction for failure to appear, a violation of 18 U.S.C. § 3150 (1982). Ray asserts the district court[1] erred in three respects: (1) in denying Ray's motion for

---

* The HONORABLE OREN HARRIS, Senior United States District Judge for the Eastern and Western Districts of Arkansas, sitting by designation.

1. The Honorable Clyde S. Cahill, Jr., United States District Judge for the Eastern District of Missouri.

judgment of acquittal based on insufficient evidence, (2) in admitting testimony and a transcript of a witness's prior unsworn statements as substantive evidence, and (3) in denying his motion to dismiss for violation of the Speedy Trial Act, 18 U.S.C. § 3161 (1982). We find that there exists sufficient evidence to support the conviction, but that it was reversible error to allow the transcript of prior unsworn testimony of Ray's attorney to be received by the jury as an exhibit. Because the testimony contained in the transcript was the only evidence of one element of the offense—notice—we find its receipt by the jury was not harmless error and necessitates a new trial. However, before entering our mandate to that effect, we order a limited remand to the district court to make the findings necessary to resolve the remaining issues involving the Speedy Trial Act.

**Facts**

Ray was originally charged on June 3, 1982 in an indictment alleging distribution and conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (1982). Ray was released on a surety bond and was instructed by United States Magistrate Noce to appear for a preliminary hearing on June 7, 1982 at 2:00 p.m. However, an indictment was returned on June 3, 1982, obviating the need for a preliminary examination. Ray's attorney of record, Toby Hollander, was advised that the preliminary hearing was canceled and that Hollander and his client were to appear for arraignment before United States District Judge Wangelin on June 7, 1982 at 10:00 a.m. No notice of the arraignment was given directly to Ray by the district court. At the time designated for arraignment, Ray did not appear and Judge Wangelin ordered a bond forfeiture and issued a bench warrant for the arrest of Ray.

Ray was arrested on the federal warrant on July 12, 1983 in Houston, Texas. He was subsequently charged with state offenses and held by state authorities until October 13, 1983, when the state charges were dismissed. Federal authorities then took custody of Ray and on October 24, 1983, an order issued for Ray's removal from the Southern District of Texas to the Eastern District of Missouri. On November 22, 1983 Ray was arraigned before Judge Wangelin on the original cocaine charges. The same day Judge Wangelin recused himself and the case was re-assigned to United States District Judge Regan who set trial for December 27, 1983. Pretrial motions (pertaining to trial on the original cocaine charges) were filed on December 1, 1983.[2] Trial did not commence as scheduled on December 27.

On December 28, 1983 a superseding indictment was returned charging Ray with the two original cocaine violations and the additional offense of failure to appear.[3] Ray was arraigned on the superseding indictment on January 13, 1984, at which time he executed a document entitled "consent to trial beyond 70 days." On February 14, 1984, the case was reassigned to United States District Judge Cahill. Ray filed a motion for severance of counts on February 22, 1984, and a supplemental motion to dismiss for denial of speedy trial on June 15, 1984. On June 22, 1984, Judge Cahill scheduled a hearing on the pretrial motions for June 28, 1984, and trial for July 2, 1984. The hearing took place on June 28 and the pending motions were denied by order dated June 29, 1984. The jury trial began on July 2, 1984 and a verdict was returned on July 11. Ray was found guilty of failing to appear and not guilty of the cocaine offenses. Ray's motion for a new trial was denied and he was sentenced to five years imprisonment. This appeal followed.

---

**2.** The pretrial motions filed on December 1, 1983 included: a motion to suppress, a *Brady* motion, a motion to obtain the location of a confidential informant, a motion to dismiss for denial of a speedy trial, and a motion to disclose agreements with government witnesses.

**3.** 18 U.S.C. § 3150 imposes criminal sanctions on any person who, "having been released pursuant to this chapter, willfully fails to appear before any court or judicial officer as required * * *."

## Sufficiency of the Evidence

■ Ray challenges the sufficiency of the evidence underlying his conviction for failure to appear. Ray contends the government failed to prove beyond a reasonable doubt two essential elements of the crime of failure to appear: notice and willfulness. At trial, the government introduced the testimony of Ray's attorney, Toby Hollander, at the scheduled arraignment before Judge Wangelin on June 7, 1982. The arraignment transcript reveals Hollander stated to Judge Wangelin that he had notified Ray of his required appearance. Although Hollander testified at trial that he could not say with any certainty that he had notified Ray of the scheduled arraignment, when shown a transcript of his earlier statements to Judge Wangelin, Hollander stated "if the transcripts said I said that I'm sure I did." Hollander also testified that his records indicated he made a one minute telephone call to Ray on June 3, 1982, but that he had no present recollection of the telephone call. Based on the transcript of Hollander's statements, the jury could reasonably have found Ray had actual notice of the scheduled arraignment. It was also established at trial that Ray had used an alias when he was arrested in 1982, when he appeared before Magistrate Noce, and when he signed the appearance bond. From all of the evidence, the jury could reasonably have believed Ray's failure to appear was willful and intentional. Thus, assuming the jury properly considered Hollander's testimony at the scheduled arraignment, an issue which we now turn to, we hold Ray's conviction should not be overturned because of insufficient evidence and the district court did not err in denying Ray's motion for acquittal.

## Hollander Testimony

Ray argues Hollander's unsworn statements to the court on June 7, 1982 are inadmissible hearsay. Alternatively, he argues that, even if they are admissible under Federal Rule of Evidence 803(5), it was prejudicial error for the court to allow the jury to receive the transcript of Hollander's testimony as an exhibit. Ray contends that because the statements were admitted for impeachment purposes only, the trial court should have given a limiting instruction to the jury. The government argues the statements, although they are hearsay, were admissible for their truth as past recollection recorded under Fed.R.Evid. 803(5). The government further argues that receipt of the transcript by the jury, although contrary to rule 803(5), was harmless error. We agree with the government that the Hollander statements are admissible for their truth under rule 803(5), and therefore no cautionary instruction was necessary. *See United States v. Porter,* 544 F.2d 936, 938 n. 2 (8th Cir.1976). However, we find the receipt of the transcript by the jury was not harmless error.

■ It is unclear under what grounds the transcript was admitted. The government did not specify the basis on which it was offered and the district court admitted the transcript without any explanation for its ruling. Although Ray claims the prior statements of Hollander were admitted as impeachment material, the only reference in the trial transcript to the evidence as impeachment evidence is in the objection by Ray's counsel to its admission. We note, however, that if the grounds given by the district court for admissibility of the evidence are incorrect, the court's ruling will be reversed only if there are no grounds under which the evidence could properly have been admitted. *Clark v. City of Los Angeles,* 650 F.2d 1033, 1036 (9th Cir.1981); *SEC v. Chenery Corp.,* 318 U.S. 80, 88, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943).

■ A memorandum or record is admissible under the recorded recollection exception to the hearsay rule if (1) the witness once had knowledge, (2) now has insufficient recollection to testify fully, and (3) the record was made by the witness when the matter was fresh in his memory and reflected his knowledge correctly. *United States v. Patterson,* 678 F.2d 774, 778 (9th Cir.1982); *United States v. Edwards,* 539 F.2d 689, 691–92 (9th Cir.), *cert. denied,* 429 U.S. 984, 97 S.Ct. 501, 50

L.Ed.2d 594 (1976). Hollander's statements to Judge Wangelin at the scheduled arraignment and his testimony at Ray's trial establish foundational requirements (1) and (2). As for requirement (3), Hollander's statements in court on June 7, 1982 were obviously made when the matter was fresh in Hollander's memory since the telephone call was made only four days earlier on June 3, 1982. In addition, the accuracy of the transcript was confirmed when Hollander stated "if the transcript says I said that, I'm sure I did." We conclude Hollander's testimony was properly admitted under Fed.R.Evid. 803(5). Nonetheless, rule 803(5) contains the following specific limitation on the admission of a recorded recollection: "If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party." Here, the transcript of the arraignment proceedings was offered by the government and received as an exhibit. Ray did not offer the exhibit as evidence, but objected to its introduction. The government concedes the admission of the transcript as an exhibit was error, but argues its receipt was "harmless error." We cannot agree. The Hollander transcript was the only evidence before the jury of notice to Ray of the scheduled arraignment, which is an essential element of the offense of failure to appear. In addition, the government, during its closing argument, specifically referred to the exhibit (government's exhibit 8), requesting the jury to look at the transcript. We cannot

say the jury's verdict on the failure to appear charge was not substantially swayed by the introduction of the Hollander transcript as an exhibit. *See Kotteakos v. United States*, 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946).

For the reasons stated, we find the jury's receipt of the arraignment transcript as an exhibit reversible error, requiring a new trial. However, before remanding the case for a new trial, we examine Ray's claim that he was denied a speedy trial and direct the district court to make certain findings essential to resolving the Speedy Trial Act claims.

## Speedy Trial Act

### Preindictment delay

Ray claims the provisions of the Speedy Trial Act were violated and the indictment should be dismissed. In particular, Ray alleges two violations of the Act.[4] First, Ray argues the superseding indictment charging him with failure to appear was not filed within thirty days of his arrest, as required by section 3161(b).[5] Ray argues he was arrested for the charge of failure to appear on July 12, 1983, and was not indicted on this charge until the superseding indictment was filed on December 28, 1983. Even after excluding some of this period pursuant to section 3161(h),[6] Ray contends a minimum of 55 non-excludable days elapsed between his arrest and indictment on the failure to appear charge. He therefore contends dismissal of the case is required under § 3162(a)(1).[7] In response to

---

**4.** We need not consider whether the periods prescribed by the Speedy Trial Act were adhered to in the indictment and trial of Ray on the cocaine charges because Ray was acquitted on those charges.

**5.** 18 U.S.C. § 3161(b) provides in pertinent part:

(b) Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

**6.** Ray is willing to assume the following exclusions apply: (1) § 3161(h)(1)(A) excludes the period between July 12, 1983 and October 13,

1983, during which Ray was held by Texas authorities on state charges; (2) § 3161(h)(1)(G) excludes the period between October 14 and 24 (10 days), during which a removal hearing was held; and (3) § 3161(h)(1)(H) excludes, at most, 10 days for transportation of Ray from Texas to Missouri.

**7.** § 3162(a)(1) specifies dismissal as the sanction for a violation of § 3161(b):

(a)(1) If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in

Ray's analysis of the preindictment delay, the government states that the arrest of Ray on July 12, 1983 in Houston, Texas was upon the June 9, 1982 arrest warrant issued by Judge Wangelin, following the forfeiture of bond. The government asserts the arrest was not upon a new charge of failure to appear and did not commence the 30-day period as applied to the failure to appear charge. After a thorough examination of the case law construing § 3161(b), we must agree with the government that the 30-day preindictment period did not commence upon Ray's arrest on the July 9, 1982 bench warrant issued by Judge Wangelin.

■ Section 3162(a)(1), which specifies dismissal as the sanction for excessive preindictment delay, requires not only that the defendant be arrested, but that the arrest be based on a charge that is contained in a complaint filed against the defendant. We think it apparent that Ray's arrest was not based on the substantive charge of failure to appear for the following reasons. First, as the government notes in its brief, the bench warrant issued by Judge Wangelin was not and could not have been based on a charge of failure to appear because no complaint charging Ray with such an offense had been filed. The Federal Rules of Criminal Procedure re-

quire the issuance of a warrant to be supported by a charging document.[8] No charging document for the offense of failure to appear was filed prior to Ray's arrest. The arrest warrant could have been validly issued only upon the forfeiture of bond resulting from a violation of Ray's bond condition that he appear for arraignment on the pending cocaine charges. While the June 9, 1982 arrest warrant states the reason for Ray's arrest was "for failure to appear," it does not specify the particular offense for which he was being arrested: for forfeiture of bond or for the criminal offense of failure to appear, see 18 U.S.C. § 3150. We think it clearly was for forfeiture of bond.

Courts generally hold that when a prisoner escapes, is recaptured, and subsequently indicted for the crime of escape, his recapture does not trigger the 30-day period of § 3161(b). *United States v. Stead,* 745 F.2d 1170, 1173 (8th Cir.1984); *United States v. Wilson,* 690 F.2d 1267, 1276 & n. 4 (9th Cir.1982); *United States v. Kripplebauer,* 463 F.Supp. 291 (E.D.Pa.1978); *United States v. Grant,* 433 F.Supp. 1113 (S.D.N.Y.1977). This court observed in *Stead:*

it is apparent that defendant was not "arrested" or held for the crime of escape. There was never any complaint

---

such complaint shall be dismissed or otherwise dropped.

8. Rules 4 and 5 provide in part:

**Rule 4. Arrest Warrant or Summons upon Complaint**

(a) **Issuance.** If it appears from the complaint, or from an affidavit or affidavits filed with the complaint, that there is probable cause to believe that an offense has been committed and that the defendant has committed it, a warrant for the arrest of the defendant shall issue to any officer authorized by law to execute it.

\* \* \* \* \* \*

(c) **Form.**

(1) **Warrant.** The warrant shall be signed by the magistrate and shall contain the name of the defendant or, if his name is unknown, any name or description by which he can be identified with reasonable certainty. It shall describe the offense charged in the complaint. It shall command that the defendant be ar-

rested and brought before the nearest available magistrate.

\* \* \* \* \* \*

**Rule 5. Initial Appearance Before the Magistrate**

(a) **In General.** An officer making an arrest under a warrant issued upon a complaint or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before the nearest available federal magistrate or, in the event that a federal magistrate is not reasonably available, before a state or local judicial officer authorized by 18 U.S.C. § 3041. If a person arrested without a warrant is brought before a magistrate, a complaint shall be filed forthwith which shall comply with the requirements of Rule 4(a) with respect to the showing of probable cause. When a person, arrested with or without a warrant or given a summons, appears initially before the magistrate, the magistrate shall proceed in accordance with the applicable subdivisions of this rule.

for escape, as would have been required to hold defendant for that crime; and defendant was subject to recapture and continued custody based on his original conviction. Thus defendant's recapture was not the beginning of continuing restraints on his liberty imposed in connection with the escape charge. Rather, the restrictions on defendant's liberty were based on his original conviction. It follows that defendant's recapture did not trigger his right to a speedy trial for escape.

\* \* \* \* \* \*

[U]ntil defendant was indicted for escape he was in the same position he would have been in if he had never been charged for escape. Thus no interest protected by the speedy trial right was implicated until defendant's indictment.

745 F.2d at 1173. Similarly, courts hold that an arrest on one charge does not trigger the right to a speedy trial on another charge filed after the arrest. *United States v. Pollock,* 726 F.2d 1456, 1462 (9th Cir.1984); *United States v. Brooks,* 670 F.2d 148, 151 (11th Cir.1982) ("An arrest triggers the running of § 3161(b) of the Speedy Trial Act only if the arrest is for the same offense for which the accused is subsequently indicted."); *United States v. Lyon,* 567 F.2d 777, 781 n. 2 (8th Cir.1977) (arrest for bombing charge does not trigger § 3161(b) when defendant was arraigned on bail jumping charge). Likewise, courts hold that an arrest on state charges does not trigger the 30-day period of § 3161(b) for purposes of a subsequent indictment on federal charges. *United States v. Shahryar,* 719 F.2d 1522, 1525 (11th Cir.1983) (30-day period under § 3161(b) commences when defendant is de-

livered into federal custody); *United States v. Iaquinta,* 674 F.2d 260, 264 (4th Cir.1982); *United States v. Brown,* 605 F.2d 389, 395 (8th Cir.1979); *United States v. Phillips,* 569 F.2d 1315, 1317 (5th Cir. 1978).

■ In the instant case, as in *Stead,* Ray was subject to recapture and continued custody based on the outstanding cocaine charges. Ray's arrest on July 12, 1983 was not the beginning of restraints on his liberty. Ray had been released on bond after his initial arrest only on the condition that he appear for arraignment. When he failed to appear, he was no longer entitled to be free on bond. Absent the court's grant of release on bond, Ray would have been in custody pending trial on the cocaine charges. Thus, subsequent to his arrest, Ray was in the same position he would have been in if he had never been charged with failure to appear. In these circumstances, we cannot say Ray was arrested for the criminal offense of failure to appear when there remained outstanding the cocaine charges on which he had jumped bail. We therefore conclude there was no violation of § 3161(b).

**Pretrial delay**

■ Ray also alleges a violation of § 3161(c)(1),[9] requiring a criminal defendant to be tried within 70 days of the latter of indictment or first appearance. Ray claims the 70-day period commenced on November 22, 1983, when Ray was arraigned on the original cocaine charges. However, even assuming the period began on December 28, 1983, when the superseding indictment charging Ray with failure to appear was returned, and subtracting several delays excludable under § 3161(h),[10] Ray con-

---

**9.** § 3161(c)(1) provides in part:

 (c)(1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

**10.** The relevant exclusions are found in § 3161(h)(1)(F) and (J), which provide:

 (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

 \* \* \* \* \* \*

 (F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

tends the statutory 70-day maximum was violated.[11] The pivotal issue surrounds the exclusion for pretrial motions under § 3161(h)(1)(F). As stated above, Ray filed several pretrial motions on December 1, 1983, which pertained to the cocaine charges.[12] The government filed its response to these motions on January 11, 1984. Ray filed a motion for severance of counts on February 22, 1984, which the government responded to on February 24, 1984. Ray filed a supplemental motion to dismiss for denial of a speedy trial on June 15, 1984. A hearing was held on the pretrial motions on June 28, 1984, and Judge Cahill issued a written order disposing of the motions on June 29, 1984. The government contends that, based on the language of § 3161(h)(1)(F), the entire period during which the motions were pending before the district court is excludable. Ray argues, on the other hand, that the (F) exclusion permits only such delay as is reasonably necessary from the time the motion was filed to the hearing on the motion.

Section 3161(h)(1)(F) provides that the period of excludable delay for pretrial motions ends with the "hearing or other prompt disposition" of the motion. Subsection (F) must be read in conjunction with subsection (J) which excludes time up to 30 days during which a pretrial motion "is actually under advisement by the court." Congress intended that the time between making the motion and finally submitting it to the court for decision be governed by (F), and that the time during which the court has the motion "actually under advisement" be governed by (J). *United States v. Cobb*, 697 F.2d 38, 43 (2d Cir. 1982); *United States v. Bufalino*, 683 F.2d 639, 642–45 (2d Cir.1982). The Senate

Committee's report discusses the intended operation of exclusions (F) and (J):

> This later language ["other prompt disposition"] is intended to provide a point at which time will cease to be excluded, where motions are decided on the papers filed without hearing. In using the words "prompt disposition," the committee intends to make it clear that, in excluding time between filing and disposition on the papers, the Committee does not intend to permit circumvention of the 30-days, "under advisement" provision contained in Subsection (h)(1)(J). Indeed, if motions are so simple or routine that they do not require a hearing, necessary advisement time should be considerably less than 30 days. *Nor does the Committee intend that additional time be made eligible for exclusion by postponing the hearing date or other disposition of the motions beyond what is reasonably necessary.*

S.Rep. No. 212, 96th Cong., 1st Sess. 34 (1979) (emphasis added). In *United States v. Cobb*, 697 F.2d 38 (2d Cir.1982), the government argued, as in the instant case, that the filing of a pretrial motion triggered a period of excludable time that did not terminate until the hearing. However, the Second Circuit, focusing on the quoted language of the Senate Committee's Report, rejected the government's construction of (F), stating that "the government's interpretation would in many circumstances render the Act meaningless." The court then observed:

> Thus, Congress's intent was to require trials within 70 days after excluding certain defined periods of delay. On a pretrial motion Congress intended to exclude under (F) only such time as was reasonably necessary for the fair pro-

---

 \* \* \* \* \* \*

(J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

**11.** The government contends Ray waived his right to a speedy trial by signing a written document entitled "consent to trial beyond 70 days." We reject this argument, however, because the document does not satisfy the require-

ments of section 3161(h)(8), which authorizes a judicial grant of a continuance "on the basis of [the judge's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *See United States v. Carrasquillo,* 667 F.2d 382, 389–90 (3d Cir.1981).

**12.** *See supra* note 2.

cessing of the motion. We conclude that the period of allowable excludable delay applicable to a pretrial motion begins automatically with the making of the motion and runs for a period of time that is "reasonably necessary" to conclude a hearing or to complete the submission of the matter to the court for decision. Under this view, long postponements of hearing dates, unless reasonably necessary, would not qualify as excludable time, nor would unnecessarily long extensions of time for the submission of papers.

*Id.* at 44. A similar standard was subsequently adopted by the Third Circuit in *United States v. Novak,* 715 F.2d 810, 820 (3d Cir.1983), and by the First Circuit in *United States v. Mitchell,* 723 F.2d 1040, 1047 (1st Cir.1983). *See also United States v. Hawker,* 552 F.Supp. 117, 124–25 (D.Mass.1982).

 A similar standard was urged upon this court in *United States v. Turner,* 725 F.2d 1154, 1160 (8th Cir.1984), but the court did not reach the issue in that case. We do so now, and follow the lead of the First, Second, and Third Circuits in holding that section 3161(h)(1)(F) excludes only such delay as is reasonably necessary from the time a pretrial motion is filed to the time the hearing is concluded or the matter is submitted to the court for decision. Under our supervisory power, we direct that in the future, district courts make specific and contemporaneous findings as to whether any extended exclusions of time for pretrial motions under subsection (F) are reasonably necessary. The district courts should likewise amend their speedy trial plans to conform to this requirement. In the instant case, the district court presumably did not apply the reasonably necessary standard to the delay during the pendency of the pretrial motions, between December 1, 1983, when Ray filed his initial pretrial motions, and June 28, 1984, when all of the pending motions were finally heard by the court. The record before us is silent as to why the motions hearing was not scheduled until June 28, 1984 and the trial until July 2, 1984. Because we have no knowledge of the reasons for the prolonged delay between the filing of the motions and the hearing on the motions, we are unable to determine whether the delay was reasonably necessary for processing those motions. We therefore remand the case to the district court for the limited purpose of making that determination. In the event the district court determines the delay was not reasonably necessary, the court should further consider, in accordance with the Speedy Trial Act, whether the case should be dismissed with or without prejudice. *See* § 3162(a)(2) ("the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.").

In conclusion, we hold there was sufficient evidence on which to convict Ray of failure to appear. However, because it was reversible error to allow the jury to receive the arraignment transcript as an exhibit, a new trial must be granted. Before the new trial takes place, however, we direct the district court to make a determination as to whether the delay during which the pretrial motions were pending was reasonably necessary, and, if not reasonably necessary, whether the case should be dismissed with or without prejudice. Accordingly, we remand the case to the district court for this limited purpose. We retain jurisdiction of this appeal and request the district court to certify its findings to this court within 60 days of the date of this order.