Jose Rosado ACHA,
Petitioner, Appellant,

v.

UNITED STATES of America,
Respondent, Appellee.

No. 89–2015.

United States Court of Appeals,
First Circuit.

Submitted Feb. 15, 1990.
Decided Aug. 3, 1990.

---

Before TORRUELLA, SELYA and CYR, Circuit Judges.

PER CURIAM.

*Pro se* petitioner-appellant Jose Rosado Acha pleaded guilty on September 14, 1987 to a charge of cocaine importation. Rosado remained out on bail pursuant to a July 30, 1987 order of the district court which specifically required, as one of the conditions of release, that Rosado appear at all scheduled hearings. When, on November 12, 1987, Rosado did not appear for sentencing on the drug charge, the district court revoked his bail and issued a bench warrant for his arrest. Rosado was arrested on January 27, 1988 and held without bail. On February 29, 1988 he was sentenced to five years' imprisonment and to three years of supervised release on the cocaine importation charge.

On April 13, 1988 Rosado was indicted by a grand jury for violation of 18 U.S.C. § 3146(a)(1) on account of his failure to appear for sentencing. Section 3146(a)(1) provides criminal punishment for a defendant released on bail who "knowingly ... fails to appear before a court as required by the conditions of release." Rosado pleaded guilty on June 28, 1988, and on January 13, 1989, was sentenced to thirty months' additional imprisonment. Rosado did not bring an appeal.

Rosado filed the instant petition under 28 U.S.C. § 2255 on June 26, 1989 claiming (1) that the delay in bringing him to trial on the charge of failure to appear violated his rights to a speedy trial under the Speedy Trial Act, 18 U.S.C. § 3161, and under the sixth amendment; (2) that the delay between his January 27, 1988 arrest and his indictment for failure to appear violated his due process rights; and (3) that his guilty plea and conviction for failure to appear were the result of ineffective assistance of trial counsel because counsel had incorrectly advised him that he had no defense based on delay in his indictment and trial. On June 26, 1989, a magistrate recommended summary dismissal of Rosado's claims on the ground that Rosado's guilty plea precluded him from raising the claims

Jose Rosado Acha, on brief, pro se.

Daniel F. Lopez–Romo, U.S. Atty., Salixto Medina–Malave, Asst. U.S. Atty., and Carlos A. Perez, Asst. U.S. Atty., on brief for respondent, appellee.

alleged in his § 2255 petition. The district court accepted the magistrate's recommendation on September 27, 1989. Rosado appeals. We affirm.

■ Our affirmance, however, does not rest on the ground relied on by the magistrate and accepted by the district court. Although some courts have indeed held that a guilty plea precludes a defendant from raising claims of denial of a speedy trial, *United States v. Andrews*, 790 F.2d 803, 810 (10th Cir.1986), *cert. denied*, 481 U.S. 1018, 107 S.Ct. 1898, 95 L.Ed.2d 505 (1987); *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir.1984); *United States v. O'Donnell*, 539 F.2d 1233, 1236–37 (9th Cir.), *cert. denied*, 429 U.S. 960, 97 S.Ct. 386, 50 L.Ed.2d 328 (1976); *United States v. Saldana*, 505 F.2d 628 (5th Cir.1974), this court has not yet spoken on that issue. *See United States v. DeCosta*, 435 F.2d 630, 632 (1st Cir.1970) (avoiding ruling on issue of extent of waiver of speedy trial rights by a plea of guilty, an issue that "is complex and not free from difficulty," because of lack of merit of defendant's underlying speedy trial claim). Moreover, a guilty plea does not preclude a defendant from raising a claim that ineffective assistance of counsel rendered the guilty plea itself unintelligent and invalid. *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973); *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Consequently, we decline to rule on the waiver issue in this case. Instead, we affirm the district court's dismissal for the reason that Rosado's substantive claims lack merit. *See Helvering v. Gowran*, 302 U.S. 238, 245, 58 S.Ct. 154, 157, 82 L.Ed. 224 (1937) (court of appeals can affirm on any ground presented by the record).

Rosado claims that his speedy trial rights, both under the Speedy Trial Act and under the sixth amendment, were violated by the seventy-seven day delay between his January 27, 1988 arrest and his April 13, 1988 indictment for failure to appear, and by the seventy-six day delay between his indictment and his June 28, 1988 guilty plea. He also asserts that the pre-indictment delay denied him his right to due process. We will consider his claims based on pre-indictment delay and then turn to his post-indictment claims.

With regard to the pre-indictment period, the Speedy Trial Act provides: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). Rosado relies on the greater than thirty-day gap between arrest and indictment here. Rosado argues that he was arrested for precisely the same offense for which he was indicted, *i.e.*, failure to appear at the sentencing hearing. He relies on the proposition that, in cases where the arrest and subsequent indictment technically may be said to be for different charges, "if the second charge is but a part of or only guilds the initial charge, the initial arrest would start the critical period for trial." *United States v. Nixon*, 634 F.2d 306, 309 (5th Cir.), *cert. denied*, 454 U.S. 828, 102 S.Ct. 120, 70 L.Ed.2d 103 (1981). *See United States v. DeTienne*, 468 F.2d 151, 155 (7th Cir.1972), *cert. denied*, 410 U.S. 911, 93 S.Ct. 974, 35 L.Ed.2d 274 (1973).

■ Contrary to Rosado's theory, however, "[t]he right to a speedy trial on a charge is triggered by arrest only where the arrest is the beginning of continuing restraints on defendant's liberty imposed in connection with the formal charge on which defendant is eventually tried." *United States v. Stead*, 745 F.2d 1170, 1172 (8th Cir.1984). Rosado's failure to appear was itself a violation of Rosado's bail conditions. Rosado therefore was subject to arrest based on his original conviction and on his violation of bail conditions. At the time of his arrest he had not yet been charged for "fail[ure] to appear before a court as required by the conditions of release" under 18 U.S.C. § 3146(a)(1). Thus, Rosado's January 27, 1988 arrest was for violating the conditions of his release on bail, and he was held in custody following his arrest pursuant to his conviction on the cocaine importation charge. It was only

upon his April 13 indictment for failure to appear that the time periods of the Speedy Trial Act were triggered. Accordingly, there was no violation of § 3161(b). *See United States v. Kripplebauer*, 463 F.Supp. 291, 292 (E.D.Pa.1978) ("[t]he fact that there is an underlying relationship between [defendant's] violating the terms of his bail and his being prosecuted for failing to appear does not mean that he became an accused for the purposes of the latter when he was arrested for the former").

Rosado's situation is analogous to the situation of an escaped prisoner who is arrested and subsequently indicted for escape. The escaped prisoner is, to be sure, arrested because he escaped, the same matter for which he is subsequently indicted. However, courts have held that the delay between a prisoner's recapture and his subsequent indictment for escape does not violate his right to a speedy trial. *United States v. Zukowski*, 851 F.2d 174, 177 (7th Cir.), *cert. denied*, 488 U.S. 868, 109 S.Ct. 174, 102 L.Ed.2d 144 (1988); *United States v. Sairafi*, 801 F.2d 691, 692 (4th Cir.1986); *Stead, supra*, 745 F.2d at 1172–73; *United States v. Wilson*, 690 F.2d 1267, 1276 (9th Cir.1982), *cert. denied*, 464 U.S. 867, 104 S.Ct. 205, 78 L.Ed.2d 178 (1983). As the Eighth Circuit reasoned,

> Defendant argues that his recapture or "arrest" triggered Section 3161(b) of the Speedy Trial Act because he was held in custody from his recapture until his indictment for escape. However, it is apparent that defendant was not "arrested" or held for the crime of escape. There was never any complaint for escape, as would have been required to hold defendant for that crime; and defendant was subject to recapture and continued custody based on his original conviction. Thus defendant's recapture was not the beginning of continuing restraints on his liberty imposed in connection with the escape charge. Rather, the restrictions on defendant's liberty were based on his original conviction. It follows that defendant's recapture did not trigger his right to a speedy trial for escape.

*Stead, supra*, 745 F.2d at 1173. Accordingly, the authorities relied on by Rosado, dealing with situations where a defendant has not yet been convicted but is arrested on one charge and later indicted for a similar charge, are inapposite to situations like Rosado's, where a prior conviction provides the basis for arrest.

■ Rosado attempts to distinguish the escaped prisoner cases by pointing out that he was arrested pursuant to a bench warrant, whereas an escaped prisoner is subject to recapture without a warrant or similar document. *See Zukowski, supra*, 851 F.2d at 177; *Sairafi, supra*, 801 F.2d at 692. However, the authority to issue the bench warrant, like the authority to recapture an escaped prisoner, flows from the original conviction. We therefore reject Rosado's contention that Rosado's arrest subject to the bench warrant triggered his right to a speedy trial for violation of § 3146(a). We agree with the Eighth Circuit, which in essentially identical circumstances has held that defendant's speedy trial rights were not triggered by arrest pursuant to a bench warrant for failure to appear. *United States v. Ray*, 768 F.2d 991, 997 (8th Cir.1985). As that court observed,

> In the instant case, as in *Stead*, [defendant] was subject to recapture and continued custody based on the outstanding cocaine charges. [Defendant's] arrest on July 12, 1983 was not the beginning of restraints on his liberty. [Defendant] had been released on bond after his initial arrest only on the condition that he appear for arraignment. When he failed to appear, he was no longer entitled to be free on bond. Absent the court's grant of release on bond, [defendant] would have been in custody pending trial on the cocaine charges. Thus, subsequent to his arrest, [defendant] was in the same position he would have been in if he had never been charged with failure to appear. In these circumstances, we cannot say [defendant] was arrested for the criminal offense of failure to appear when there remained outstanding the cocaine charges on which he had jumped

bail. We therefore conclude there was no violation of § 3161(b).

*Id.* For the same reasons, the delay between arrest and indictment does not run afoul of the sixth amendment guarantee of a speedy trial.

██ Nor does Rosado's § 2255 petition make out a claim that the pre-indictment delay violated due process. Such a claim requires a showing that the prosecution caused the delay solely in order to disadvantage the defense and that the defense suffered actual prejudice. *United States v. Marler,* 756 F.2d 206, 213 (1st Cir.1985). Rosado alleges that the government purposely delayed his indictment in order to maximize the sentence he would receive under the applicable Sentencing Guidelines. Under Ch. 4, Part A of the Guidelines, each prior sentence of imprisonment may affect the permissible sentencing range for an offense. Rosado maintains that the government delayed his indictment for escape in the hope that, by the time he was sentenced for that offense, he would already have been sentenced on the underlying federal drug offense and on an unspecified charge pending against him in the Caguas Superior Court in Puerto Rico.

Rosado alleged nothing, however, to suggest that this was actually the government's intent. The briefness of the delay—Rosado was indicted for escape only two-and-one-half months after his arrest—suggests otherwise. Since Rosado was sentenced on the federal drug offense only one month after his arrest, the government can hardly be faulted for not rushing his escape indictment so that he could somehow be indicted, tried, and sentenced for escape within that one month. As for the Puerto Rico charge, Rosado did not specify what the charge was, when he was indicted, tried, or convicted on the charge, or when sentencing on the charge was scheduled or likely to occur. A defendant "has a heavy burden to prove that a pre-indictment delay caused actual prejudice: the proof must be definite and not speculative;" "bare allegations" will not suffice. *United States v. Valentine,* 783 F.2d 1413, 1416–17 (9th Cir.1986). *See United States v. Gonzalez–Sandoval,* 894 F.2d 1043, 1050–51 (9th Cir.1990); *United States v. Sherlock,* 865 F.2d 1069, 1073–74 (9th Cir. 1989); *Marler, supra,* 756 F.2d at 213–15; *United States v. Ricketson,* 498 F.2d 367, 370–71 (7th Cir.), *cert. denied,* 419 U.S. 965, 95 S.Ct. 227, 42 L.Ed.2d 180 (1974). Rosado's allegations were too speculative to raise a claim that pre-indictment delay resulted in a denial of due process.

██ As for Rosado's claim of delay between his indictment and his plea hearing, the Speedy Trial Act provides for a seventy-day limit "[i]n any case in which a plea of not guilty is entered." 18 U.S.C. § 3161(c)(1). Accordingly, Rosado's guilty plea does preclude this Speedy Trial Act claim. Rosado's failure to allege anything more than purely speculative prejudice due to the delay, and the brief nature of the delay, rule out any claim of a sixth amendment speedy trial violation under the factors announced in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

Rosado's remaining claim alleges ineffective assistance of trial counsel. Rosado asserts that he suggested to counsel the possibility of interposing as a defense the denial of Rosado's right to a speedy trial, but that counsel failed to raise the matter. Had he known that a colorable defense to the charge against him was available, Rosado asserts, he would not have pleaded guilty.

██ As we have discussed, however, Rosado did not in fact have a meritorious speedy trial claim or claim for pre-indictment delay. Trial counsel was under no obligation to raise meritless claims. Failure to do so does not constitute ineffective assistance of counsel. *McMann, supra,* 397 U.S. 759, 90 S.Ct. 1441; *Baumann v. United States,* 692 F.2d 565, 572 (9th Cir. 1982). Furthermore, Rosado did not allege anything to suggest that counsel's advice to plead guilty was not "within the range of competence demanded of attorneys in criminal cases." *McMann, supra,* 397 U.S. at 771, 90 S.Ct. at 1449. Thus, since on the face of the record it "plainly appears ... that the movant is not entitled to relief,"

*United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir.), *cert. denied*, 439 U.S. 834, 99 S.Ct. 115, 58 L.Ed.2d 129 (1978), the district court acted properly in dismissing Rosado's claim without an evidentiary hearing.

The district court's denial of the petition under 28 U.S.C. § 2255 is *affirmed.*