UNITED STATES of America

v.

Henry P. LOMBARD, Jr., Hubert
E. Hartley, III.

Crim. No. 93–27–B.

United States District Court,
D. Maine.

Nov. 9, 1993.

See also 853 F.Supp. 543.

Thimi R. Mina, Asst. U.S. Atty., Portland, ME, for Government.

Jerome B. Goldsmith, Linscott, Slater & Goldsmith, Bangor, ME, Ronald W. Bourget, Bourget & Bourget, P.A., Augusta, ME, for defendant Lombard.

Bruce C. Mallonee, Rudman & Winchell, Bangor, ME, John Alsop, Ketterer & Alsop, Norridgewock, ME, for defendant Hartley.

### ORDER AND MEMORANDUM OF OPINION

BRODY, District Judge.

Co-defendants Hubert Hartley and Henry Lombard were tried separately in state court in Maine for the November 1990 murder of two young men. Hartley, who was tried in 1991, waived his Fifth Amendment privilege, and testified in his defense. A jury found

him not guilty. Lombard's trial followed in June 1992. Lombard took the stand in his defense, and a jury found him not guilty. The office of the United States Attorney opened its investigation of Co-defendants in September 1992, and received the required U.S. Department of Justice authorization to prosecute in April 1993. In July 1993, a federal grand jury indicted Co-defendants on charges of conspiracy to commit offenses against the United States, and unlawful possession of a firearm by a felon, or aiding and abetting such possession.

Lombard filed a Motion to Dismiss, and was joined in that motion by Hartley. Co-defendants argue that the Court should dismiss this action under the Due Process Clause of the Fifth Amendment. The Court finds no violation of Co-defendants' due process rights, and therefore *DENIES* the Motion to Dismiss. Lombard also filed a Motion to Exclude Former Testimony. Because there is no basis for exclusion, the Court *DENIES* the motion.

■ Co-defendants argue that the instant federal prosecution violates their rights guaranteed under the Due Process Clause of the Fifth Amendment. They argue that the thirteen months that elapsed between Lombard's acquittal and the federal indictment constitute pre-indictment delay.

Dismissal is proper under the Due Process Clause of the Fifth Amendment when "pre-indictment delay ... caused substantial prejudice to [Co-defendants'] rights to a fair trial and ... was an intentional device to gain tactical advantage over the accused." *United States v. Marion*, 404 U.S. 307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468 (1971). Co-defendants must carry the burden of showing "that the prosecution caused the delay solely in order to disadvantage the defense and that the defense suffered actual prejudice." *Acha v. U.S.*, 910 F.2d 28, 32 (1st Cir.1990). Co-defendants fail to make any showing here of prejudice resulting from the thirteen-month time lapse.

■ Co-defendants argue that the federal court prosecution violates their due process rights on the basis of collateral estoppel. Collateral estoppel precludes a party from relitigating an issue decided in a prior proceeding if that party was a party or in privity with a party in the prior proceeding. *See* 1B *Moore's Federal Practice*, §§ 0.441[3], 0.441[1] (2d ed. 1988). The Government was not a party in the Co-defendants' state trials, and was not in privity with the State, and therefore collateral estoppel does not bar the Government from prosecuting Co-defendants.

■ Co-defendants also argue that this prosecution violates the Maine dual prosecution statute, 17–A M.R.S.A. § 14 (1983).[1] Co-defendants conceded at hearing that collateral estoppel and the Maine dual prosecution statute technically do not apply. They argue however that this prosecution violates their due process rights because it infringes on the notions of fairness that underlie collateral estoppel and the bar to dual prosecution. Defendants cite no authority for this argument. Further, the Court is not persuaded by Lombard's uncorroborated assertion that he testified with the understanding that his statements would not be used to support further prosecution.

■ Lombard has also filed a Motion to Exclude Former Testimony. He contends that admission of Hartley's testimony at Lombard's state court trial violates the Confrontation Clause of the Sixth Amendment. The Confrontation Clause restricts the range of admissible hearsay in two ways. *Ohio v. Roberts*, 448 U.S. 56, 65, 100 S.Ct. 2531, 2538, 65 L.Ed.2d 597 (1980). First, the declarant must be unavailable. *Id.* Second, the statements offered must bear an adequate indicia of reliability. *Id.* at 65–66, 100 S.Ct. at 2538–39. A court may infer reliability when the offered statement falls within a firmly rooted hearsay exception. *Id.* at 66, 100 S.Ct. at

---

1. 17–A M.R.S.A. § 14 states (emphasis added): A defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same criminal episode, if such offenses were known to the appropriate prosecuting officer at the time of the commencement of the first trial and *were within the jurisdiction of the same court.* This statute does not bar Co-defendants' prosecution in federal court.

2539; *See also Manocchio v. Moran*, 919 F.2d 770, 773 (1st Cir.1990).

The Confrontation Clause does not bar admission of Hartley's testimony. First, Hartley is an unavailable witness because of his Fifth Amendment right against self-incrimination. (*See* the Court's Order of November 2, 1993 at 9.) Second, Hartley's statements at Lombard's trial fall within the former testimony exception to the hearsay rule. Fed.R.Evid. 804(b)(1). (*See* the Court's Order of November 2, 1993 at 9.)

The Court has previously ruled on Lombard's two remaining arguments in support of suppression. *Bruton v. U.S.*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) and the Confrontation Clause do not bar the admission in this Court of Hartley's testimony in his state court trial. (*See* the Court's Order of November 2, 1993 at 7–8.) Lombard's state court testimony was not compelled, and is admissible. (*See* the Court's Order of November 2, 1993 at 6–7 (explaining why Hartley's state court testimony was not compelled).)

Co-defendants' Motion to Dismiss is *DENIED*. Lombard's Motion to Exclude Former Testimony is *DENIED*.

*SO ORDERED.*