USA v. Drepanos                                  CV-95-129-B    05/02/96

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

United States of America

     v.                                    Criminal No. 95-129-01-B

Nicholas P. Drepanos

## O R D E R

Defendant was indicted for bank bribery, 18 U.S.C.A. § 215 (West Supp. 1995), and conspiracy, 18 U.S.C.A. § 371 (West Supp. 1995). He moved to dismiss the indictment and requested an evidentiary hearing on the matter, contending that the pre-indictment delay violated the Due Process Clause of the Fifth Amendment. Because defendant neither presents evidence nor alleges that the government intentionally delayed indictment to gain a tactical advantage over him, I deny his motion to dismiss and his request for a hearing.

## I.  BACKGROUND

The Superseding Indictment charges that between September, 1986 and June, 1988, Nicholas P. Drepanos, an insurance salesman and real estate developer, along with William Link, III, an attorney, and Robert F. Fredo, Jr., Senior Vice President and Senior Loan Officer of First Service Bank for Savings ("FSB"),

conspired to and did accept bribes from borrowers for making loans from FSB.

According to defendant, bank examiners at the Federal Deposit Insurance Corporation ("FDIC") uncovered widespread corruption at FSB during a periodic review in the Spring of 1988. On August 26, 1988, the FDIC made eleven criminal referrals concerning FSB to the FBI, and informed the FBI that Fredo "figure[d] predominantly" in all of them. The criminal referral on Fredo states that he is suspected of "self-dealing" and of "granting of loan [sic] for personal benefit." However, the defendant does not dispute the government's assertion that it did not learn of his possible involvement in the conspiracy until 1991.

The government initially returned an indictment against Drepanos on November 30, 1995. This was superseded by an indictment returned January 4, 1996. Defendant alleges that the delay of nearly eight years between when the government learned of the corruption at FSB and when it returned the indictments has substantially prejudiced his ability to defend himself because he is unable to remember clearly what happened at FSB during the period 1986 to 1988. Defendant also alleges that he generally has a faulty memory due to a severely hypoplastic (undersized)

2

left temporal lobe, a congenital defect which was exacerbated by a traumatic head injury in 1983. Dr. Robert C. Cantu states in his affidavit that he has performed nine separate neurosurgical operations on defendant since the accident, and that the compression of defendant's left temporal lobe and the leakage of cerebrospinal fluid from his brain may have caused memory loss.[1] Kristine Pelletier, an employee of defendant's insurance agency since 1982, states in her affidavit that since his accident in 1983, defendant has suffered from memory loss, mood swings, headaches, fatigue, and sudden bursts of temper.

## II. DISCUSSION

The parties agree that the indictment in this case was returned within the ten-year statute of limitations that applies to bank bribery and conspiracy charges. See, e.g., 18 U.S.C.A. § 3293. Nevertheless, defendant argues that I must dismiss the indictment because the government violated the Fifth Amendment's Due Process Clause by allowing more than seven years to elapse

---

[1] Defendant does not specifically allege that his congenital defect and injury in 1983 cause him to be less able to remember 1986-1988 now than at any earlier time. In other words, defendant does not allege that he could remember 1986-1988 in, for example, 1989. Nor does he contend that he is incompetent to stand trial because of the injury.

3

between the time it knew of the alleged misconduct and the time it brought the indictment against him.

When the government prosecutes before the statute of limitations has run, the Due Process Clause "'has a limited role to play in protecting against oppressive delay.'" United States v. Marler, 756 F.2d 206, 213 (quoting United States v. Lovasco, 431 U.S. 783, 789 (1977)). "Pre-indictment delay violates due process if (1) it caused substantial prejudice to the defendant's right to a fair trial, and (2) the Government intentionally delayed indictment in order to gain a tactical advantage over the accused." United States v. McCoy, 977 F.2d 706, 711 (1st Cir. 1992) (internal quotations omitted). See also United States v. Henson, 945 F.2d 430, 439 (1st Cir. 1991); Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990); United States v. Acevedo, 842 F.2d 502, 504 (1st Cir. 1988); United States v. Lebron-Gonzalez, 816 F.2d 823, 831 (1st Cir. 1987), cert. denied by 484 U.S. 843 (1987) and Fonfrias v. United States, 484 U.S. 857 (1987); United States v. Picciandra, 788 F.2d 39, 42 (1st Cir. 1986) (citing United States v. Marion, 404 U.S. 307, 324-25 (1971), cert. denied, 479 U.S. 847 (1986).

Regardless of whether defendant has satisfied the first requirement, he fails to satisfy the second. Defendant simply

4

does not allege that the government intentionally delayed indictment to gain a tactical advantage over him. Instead, he contends that I should follow the Fourth, Fifth, and Ninth Circuit Courts of Appeals and weigh any prejudice he has suffered against the government's justification of the delay. See Howell v. Barker, 904 F.2d 889, 895 (4th Cir. 1990), cert. denied, 498 U.S. 1016 (1990); United States v. Crouch, 51 F.3d 480, 485 (5th Cir. 1995); United States v. Butz, 982 F.2d 1378, 1380 (9th Cir. 1993), cert. denied 114 S.Ct. 250 (1993). See also United States v. Sowa, 34 F.3d 447, 451 (7th Cir. 1994) (applying balancing test), cert. denied, 115 S.Ct. 915 (1995); United States v. Miller, 20 F.3d 926, 931 (1994) (same), cert. denied, 115 S.Ct. 226 (1994). But see United States v. Hoo, 825 F.2d 667, 671 (2nd Cir. 1987), cert. denied, 484 U.S. 1035 (1988) (Justice White, dissenting, noted split in circuits); United States v. Ismaili, 828 F.2d 153, 167 (3d Cir. 1987), cert. denied, 485 U.S. 935 (1988); United States v. Brown, 959 F.2d 63, 68 (6th Cir. 1992); United States v. Engstrom, 965 F.2d 836, 838 (10th Cir. 1992); United States v. Thomas, 62 F.3d 1332, 1338 (11th Cir. 1995), cert. denied, Wilda M. Thomas v. United States, ___ S.Ct. ___, 1996 WL 63345 (1996). I am bound by the decisions of the First Circuit Court of Appeals. Therefore, I decline defendant's

5

invitation to follow the trail blazed by appellate courts in other circuits.

Defendant also argues that I must "deem" the intent requirement satisfied unless the government provides evidence of legitimate reasons for the delay, and cites United States v. Whitty, 688 F. Supp. 48 (D. Me. 1988). For both elements of the due process violation, however, defendant bears the burden of proof. Acha, 910 F.2d at 32; Marler, 756 F.2d at 213. Because defendant has not even alleged that the government delayed indictment to disadvantage him, and has produced no evidence to that effect, he has not carried his burden of proof. Furthermore, in Whitty, the government assembled all the evidence it would use against the defendant, then waited eighteen months to indict him, and offered no explanation for the delay other than an "abject admission" that it had shelved the case. 688 F. Supp. at 57. In contrast, here the government explains in its Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Indictment for Prejudicial Pre-Indictment Delay that it has been steadily gathering evidence of Drepanos' guilt since it suspected his involvement in the conspiracy. The criminal referral, submitted by defendant, from the FDIC to the FBI in June of 1988, does not mention defendant. See Defendant's

6

Exhibit C.  Rather, it mainly concerns a $2.3 million loan which FSB officers Wester and Fredo made from FSB to a financially unstable condominium project to relieve their financial obligations.[2] According to the government, through investigating information provided by a confidential informant in 1991, it learned that Drepanos, Link, and Fredo worked in concert to extract "broker's fees" from parties who wished to borrow from FSB.  Since then, the government has been busy prosecuting and obtaining plea agreements from a series of six people involved in the alleged bank bribery conspiracy.[3]  The government "is under no duty to initiate criminal proceedings until it is satisfied that it can establish guilt beyond a reasonable doubt."  Lebron-Gonzalez, 816 F.2d at 831 (citing Lovasco, 431 U.S. at 791). Since the defendant offers no evidence to contradict the government's assertions explaining its reason for postponing an indictment, I see no reason to deem the bad faith requirement to have been met in this case.

---

[2] The referral does list 18 U.S.C.A. § 215 as one of the violated statutes.  See Defendant's Exhibit C at 2.

[3] Defendant neither contests this (the government's) account of the time between the charged conduct and the indictment, nor offers an account of his own.

Finally, defendant argues that I must hold an evidentiary hearing to determine whether the government's reasons for delay outweigh any prejudice he may have suffered. As I have already stated, the First Circuit Court of Appeals does not apply the balancing test adopted by some Courts of Appeals, but instead requires defendants to prove both actual prejudice and bad faith. In addition to failing to carry this burden in his pleadings, defendant fails to allege, even in general terms, that the government intentionally delayed indictment to disadvantage him. Because defendant does not even propose to present evidence that the government acted in bad faith, an evidentiary hearing would be a waste of time.

## III.  CONCLUSION

For the foregoing reasons defendant's motion to dismiss the superseding indictment (document no. 13) and his request for an evidentiary hearing are denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

May 2, 1996

cc: Robert W. Kinsella, Esq.

8

Robert E. Wallace, Jr., Esq.
Robert Ullmann, Esq.