USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1678  JOSE IVAN MONTANEZ-ANAYA, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Hector M. Laffitte, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Cyr, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ Jose Montanez-Anaya on brief pro se. ___________________ Guillermo Gil, United States Attorney, Nelson Perez-Sosa, ______________ ___________________ Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior _______________________ Litigation Counsel, on brief for appellee. ____________________ June 20, 1997 ____________________ Per Curiam. Convicted on drug charges, Jose Ivan ___________ Montanez-Anaya appeals a district court judgment that summarily dismissed his motion to vacate his sentence under 28 U.S.C. 2255. Appellant maintains that his defense counsel rendered ineffective assistance by failing to have appellant testify in support of his claim for a minor participant adjustment under U.S.S.G. 3B1.2(b) and by failing to seek a departure under U.S.S.G. 5H1.4 on the ground that appellant has the human immunodeficiency virus (HIV).1 1 This court has thoroughly reviewed the record and the parties' briefs on appeal. Although the district court did not expressly address these claims, we agree that they were properly dismissed. The testimony that appellant might have offered at sentencing does not show that there is a reasonable probability that he would have received a minor participant adjustment had he testified. Moreover, none of the cases that appellant has cited support his contention  ____________________ 1In relevant part, 5H1.4 provides that, 1 Physical condition ... is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. However, an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range; e.g., in the case of a seriously infirm ____ defendant, home detention may be as efficient as, and less costly than, imprisonment. -2- that he was entitled to this adjustment as a matter of law.2 2 Defense counsel did not render constitutionally ineffective assistance in failing to have appellant testify in support of his request for a minor participant adjustment.  We further discern no error in defense counsel's failure to seek a 5H1.4 departure. Having AIDS or being HIV+ alone will not support such a departure absent evidence that the defendant's condition has resulted in an "extraordinary physical impairment." See, e.g., United States v. Rabins, 63 ___ ____ _____________ ______ F.3d 721, 728 (8th Cir. 1995), cert. denied, 116 S. Ct. 1031 _____ ______ (1996); United States v. Woody, 55 F.3d 1257, 1275 (7th ______________ _____ Cir.), cert. denied, 116 S. Ct. 234 (1995); United States v. _____ ______ _____________ Thomas, 49 F.3d 253, 261 (6th Cir. 1995); United States v. ______ _____________ Streat, 893 F. Supp. 754, 756 (N.D. Ohio 1995). Appellant ______ alleged no facts to suggest that his condition even approaches this level of impairment.3 Defense counsel cannot 3 be faulted for failing to raise an insubstantial claim. See, ___ e.g., United States v. Acha, 910 F.2d 28, 32 (1st Cir. 1990). ____ _____________ ____  ____________________ 2To the contrary, role in the offense determinations are 2 fact-bound. See United States v. Ruiz-Del Valle, 8 F.3d 98, ___ _____________ ______________ 104 (1st Cir. 1993). Accord United States v. Garvey, 905 ______ _____________ ______ F.2d 1144, 1146 (8th Cir. 1990); United States v. Gallegos, _____________ ________ 868 F.2d 711, 713 (5th Cir. 1989); United States v. ______________ Buenrostro, 868 F.2d 135, 137 (5th Cir. 1989), cert. denied, __________ _____ ______ 495 U.S. 923 (1990). 3Appellant's objections to the Magistrate Judge's report 3 indicate that he is not physically ill, but rather seeks to be released to avoid the hardships that may attend HIV sufferers in prison. Unfortunately for appellant, this does not provide a basis for a 5H1.4 departure. -3- Accordingly, the judgment of the district court is affirmed. ________ -4-