UNITED STATES of America, Plaintiff-Appellee,

v.

Eddie Arden EDWARDS, Defendant-Appellant.

No. 76–1483.

United States Court of Appeals, Ninth Circuit.

Aug. 5, 1976.

Jo Ann D. Diamos, Federal Public Defender, Tucson, Ariz. (argued) for defendant-appellant.

William Vogel, Asst. U.S. Atty., Tucson, Ariz. (argued), for plaintiff-appellee.

## OPINION

Before BARNES and KENNEDY, Circuit Judges, and EAST,* District Judge.

ANTHONY M. KENNEDY, Circuit Judge:

Edwards appeals from a conviction of rape committed on the San Carlos Apache Indian reservation. 18 U.S.C. §§ 2031, 1153. We consider his contentions after stating the facts.

Appellant and one Herbert Newman had been drinking heavily during the evening of October 31 and the early morning hours of November 1, 1975. As they were leaving Globe, Arizona on U. S. Highway 70, they picked up a girl who was hitchhiking. Edwards drove on the main road for a few miles and then turned onto a dirt road. The girl became scared and jumped from the moving vehicle as it slowed for a sharp turn. Edwards stopped and ran in pursuit. Newman drove away and Edwards caught the girl and raped her.

The victim was interviewed by law enforcement officers the same day, November 1. She showed them the scene of the crime and gave the officers a description of her assailant.

The police interviewed Herbert Newman on November 2. Newman corroborated the victim's story up to the point where he drove away while Edwards pursued the fleeing victim. The officers noted Newman was under the influence of alcohol at the time of the interview. They verified this by a breathalizer test, which registered a .25 blood alcohol level.

On November 3, the United States Attorney authorized prosecution of the defendant after the FBI advised of the relevant facts in the case. The FBI notified the Bureau of Indian Affairs that it could make the

---

* Honorable William G. East, United States District Judge for the District of Oregon, sitting by designation.

arrest. The arrest was effected by tribal police on the morning of November 4, when appellant was observed traveling in an automobile on the reservation. An arrest warrant was issued later that day.

After arrest, the suspect was advised of his rights and signed a waiver thereof. He was questioned by investigators for about forty minutes and an admission was obtained. This questioning occurred approximately seven hours after appellant was taken into custody and prior to any appearance before a magistrate.

■■■ Defendant's initial contention is that his confession was involuntary because it was made after he had been in custody for more than six hours without being taken before a magistrate. *See* 18 U.S.C. § 3501. Confessions given more than six hours after arrest during a delay in arraignment are, however, not per se involuntary. The delay is only one factor, to be considered in light of all the surrounding circumstances. *United States v. Halbert*, 436 F.2d 1226, 1231–37 (9th Cir. 1970). The trial court found that the delay in arraignment was caused solely by a shortage of personnel and vehicles to transport the suspect a distance of 125 miles to Tucson, the situs of the nearest available magistrate. There was no evidence that the defendant was the subject of oppressive police practices prior to the admission. The record thus supports the district court's finding that the confession was voluntary.

■■■ Appellant next contends that his statement should have been suppressed as the fruit of an illegal arrest. The arrest, he claims, was illegal because it was made without a warrant.

The interviews with the victim and Newman provided sufficient information to support a finding of probable cause to make the arrest and appellant does not contend otherwise. The Supreme Court "has never invalidated an arrest supported by probable cause solely because the officers failed to secure a warrant." *Gerstein v. Pugh,* 420 U.S. 103, 113, 95 S.Ct. 854, 862, 43 L.Ed.2d 54 (1975), *quoted with approval, United States v. Watson,* 423 U.S. 411, 96 S.Ct. 820, 825, 46 L.Ed.2d 598, 44 U.S.L.W. 4112, 4114 (1976).

Defendant, however, points out that *Watson,* by its terms purported to deal only with a situation where a warrantless arrest is made in a public place. *See United States v. Watson, supra,* 96 S.Ct. at 825, 44 U.S.L.W. at 4114 n. 6; *id.,* 96 S.Ct. at 826, 44 U.S.L.W. at 4116 (Stewart, J., concurring); *id.,* 96 S.Ct. at 827, 44 U.S.L.W. at 4118 (Powell, J., concurring). The possibility remains that where an arrest is made "in a private home or other place where the person has a reasonable expectation of privacy," *id.* 96 S.Ct. at 832, 44 U.S.L.W. at 4118, a warrant may be required even where probable cause to arrest exists. We cannot agree, however, that this question is presented for decision in this case.

Here appellant was traveling on a public highway, openly visible to observation. We hold that in these circumstances he had no legitimate expectation of privacy such as to require a warrant for his arrest. *See South Dakota v. Opperman,* —— U.S. ——, ——, 96 S.Ct. 3092, 3093, 49 L.Ed.2d —— (1976). Our ruling is consistent with *United States v. Santana,* —— U.S. ——, ——, 96 S.Ct. 2406, 2409, 49 L.Ed.2d 300 (1976). The Court there reiterated that " '[w]hat a person knowingly exposes to the public, even in his own house or office, is not a subject of Fourth Amendment protection.' " *Id.* at ——, 96 S.Ct. at 2409, *quoting Katz v. United States,* 398 U.S. 347, 351, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

■■■ Appellant also claims the trial court erred in admitting evidence of Newman's signed statement describing the events leading to the crime. At trial Newman denied any present recollection of the facts in question and the written statement was offered and admitted under the recorded recollection exception to the hearsay rule. F.R.Evid. 803(5).

Documents admitted pursuant to this rule must meet three requisites: (1) The document must pertain to matters about which the witness once had knowledge; (2) The witness must now have an insufficient rec-

ollection as to such matters; (3) The document must be shown to have been made by the witness and reflect his knowledge when the matters were fresh in his memory.

Appellant challenges the foundation for admission of the statement by arguing that the third of the above requirements was not met: Newman was admittedly drunk at the time he made the statement. While that fact casts some doubt upon Newman's ability to recollect the events he purported to narrate, we note the following additional proof: Newman testified that he recalled making the statement, and, that although he had no memory of the underlying facts, he believed the statement accurately reflected his recollection at the time it was made. The statement was signed by Newman and also contained the following inscription in Newman's handwriting: "I have read this statement of two pages and it is true and correct to the best of my knowledge." Agent Little, who was present during the interview, testified that Newman's answers to the questions posed were not monosyllabic, but rather consisted of fairly detailed narrations. These facts, we believe, warranted the inference that Newman, although inebriated, was capable of performing the relatively sophisticated mental functions necessary to recall past events, and hence that the statement accurately reflected his recollection. Newman's intoxication, of course, bears heavily on the weight the testimony is to be given, and the jury doubtless took this into account in reaching its verdict.

We have considered appellant's other contentions and find them without merit. We therefore affirm the conviction.