Ruth CLARK and Charles E. Bunker,
Plaintiffs-Appellees and
Cross-Appellants,

v.

The CITY OF LOS ANGELES, et al.,
Defendants-Appellants and
Cross-Appellees.

Nos. 79–3103, 79–3121.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 12, 1980.

Decided July 13, 1981.

S. Thomas Todd, Deputy City Atty., Los Angles, Cal., for City of Los Angeles.

John B. Murdock, Santa Monica, Cal., for Clark & Bunker.

Before GIBSON,* SNEED, and SKOPIL, Circuit Judges.

SKOPIL, Circuit Judge:

The appellants, City of Los Angeles ("the City") and the Los Angeles Police Department ("the LAPD") appeal from a judgment of $60,000.00 entered on a jury verdict in favor of the appellees, Ruth Clark and Charles E. Bunker. At trial Clark and Bunker asserted that the appellants selectively enforced the law, denied due process, and conspired to deny appellees Clark and Bunker's Civil Rights in violation of 42 U.S.C. §§ 1983 and 1985(3). Appellees cross-appeal, claiming that a portion of the zoning laws is unconstitutionally overbroad. We reverse the verdict and damage award and remand for a new trial. We affirm the denial of appellees' motion to declare the zoning laws unconstitutional.

## I.

Since 1974 appellees Clark and Bunker have engaged in business as vendors on Ocean Front Walk in the Venice area, City of Los Angeles. Appellees presented evidence that certain permit and zoning requirements were discriminatorily enforced against them but not against others similarly situated, that they were continually harassed by police and zoning officials for failure to comply with those permit requirements, and that they were given incorrect, misleading or incomplete information by city building and zoning officials.

Because of our holding, it is unnecessary to detail the complicated facts of this case. City ordinances prohibit vending on public property. To sell new merchandise on private property, a retail business license issued by the city clerk and a tax certificate issued by the State Board of Equalization are required. To sell used merchandise on private property, a special permit must be obtained from the Los Angeles Police Commission. The retail business license and tax certificate are issued without a determination that prospective sales will be in conformity with zoning requirements. The permit to sell used merchandise is issued by the Los Angeles Police Commission when the applicant will be in compliance with zoning requirements and presents a zoning referral slip from the Department of Building and Safety. The zoning ordinance in effect in Venice in the areas relevant to this case states that business activities must be "conducted wholly within an enclosed building." L.A.M.C. § 12.13(A)(2)(b)(2). Thus, the zoning ordinance prohibits outdoor sales of new or used merchandise in these areas.

After being told by police that it was unlawful to sell on public property, appellees rented space on private property.

* The Honorable Floyd R. Gibson, Circuit Judge for the Eighth Circuit.

They sublet space to other vendors. Appellees obtained the license and tax certificate required to sell new merchandise at this location. Appellees' application for a permit to sell used merchandise was not accepted by the Police Commission because no zoning referral slip was issued since open-air sales were not allowed in their zone. There were many incidents between appellees and police involving checking of vendor's permits and warnings against selling. Appellee Clark was arrested for selling a used magnifying glass for 25 cents, the only person arrested in recent years for selling used merchandise without a permit.

Appellees continually complained to the police and zoning officials and other city officials in person, by telephone, and by letter that others in the area were conducting open air used merchandise sales in violation of the zoning ordinances. The record is replete with testimony, films and photographs documenting these complaints.

In February 1977 appellees brought suit against the City of Los Angeles ("the City"), the Los Angeles Police Department ("the LAPD"), and various individuals, all police officers, seeking damages and injunctive relief. The district court issued a preliminary injunction barring the LAPD from entering appellees' property to interrogate them concerning certain licenses.

Jury trial commenced in November 1978. Appellees' pretrial motion to declare zoning ordinance L.A.M.C. § 12.13(A)(2)(b)(2) unconstitutional was denied. Appellees alleged a conspiracy to violate their rights to due process and equal protection by denying their application for a permit, continually giving them misinformation, and selectively enforcing the law against them but not against others selling used merchandise not in an enclosed building. The suit was brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and jurisdiction was based on 28 U.S.C. §§ 1331 and 1342. The jury awarded appellee Clark $20,000 in damages from the city and $20,000 from the LAPD. Appellee Bunker was awarded $10,000 from the City and $10,000 from the LAPD. The four individual defendants were found not liable.

The district court denied appellants' motions for judgment notwithstanding the verdict and for a new trial.

## II.

The issues presented for review are:

(1) Whether the district court committed reversible error by admitting into evidence Plaintiffs' Exhibit No. 105, a 216-page account of the appellees' encounters with the police;

(2) Whether substantial evidence supports the jury verdict awarding $60,000 in damages to the appellees from the City of Los Angeles and the L.A.P.D.;

(3) Whether L.A.M.C. § 12.13(A)(2)(b)(2), a zoning ordinance which requires that all business activities be "conducted wholly within an enclosed building," is unconstitutionally overbroad.

## III.

■ It is unclear under what grounds Plaintiffs' Exhibit No. 105 was admitted. It was offered into evidence under Fed.R. Evid. 803(6), the business record hearsay exception; 803(5), the recorded recollection hearsay exception; and 803(24), the catch-all exception to the hearsay rule for statements probative of material facts that have substantial guarantees of trustworthiness and whose admission would serve the interests of justice. If the grounds given by the district court for admissibility of the evidence are incorrect, the court's ruling will be reversed only if there are no grounds under which the evidence could properly have been admitted. *SEC v. Chenery Corp.*, 318 U.S. 80, 88, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943).

■ For a memorandum or record to be admissible as a business record, it must be (1) made by a regularly conducted business activity, (2) kept in the "regular course" of that business, (3) "the regular practice of that business to make the memorandum," (4) and made by a person with knowledge

or from information transmitted by a person with knowledge. Fed.R.Evid. 803(6).[1]

■ For a record to be considered as having been made in the regular course of business it must be "made pursuant to established company procedures for the systematic or routine and timely making and preserving of company records," *Standard Oil Co. of California v. Moore*, 251 F.2d 188, 215 (9th Cir. 1957), *cert. denied*, 356 U.S. 975, 78 S.Ct. 1139, 2 L.Ed.2d 1148 (1958), and relied upon by the business in the performance of its functions. *La Porte v. United States*, 300 F.2d 878, 880 (9th Cir. 1962). The basis for the business record exception is that accuracy is assured because the maker of the record relies on the record in the ordinary course of business activities. *See* Advisory Committee Note to Rule 803(6).

■ Hearsay in business records is not specifically excludable. However, hearsay statements are admissible only if the observer or participant in furnishing the information to be recorded was "acting routinely, under a duty of accuracy, with employer reliance on the result, or in short 'in the regular course of business.'" *United States v. Pitman*, 475 F.2d 1335 (9th Cir. 1973), *cert. denied*, 414 U.S. 873, 94 S.Ct. 146, 38 L.Ed.2d 92; Advisory Committee Note to Rule 803(6). Expressions of opinion or conclusions in a business record are admissible only if the subject matter calls for an expert or professional opinion and is given by one with the required competence. *Standard Oil Co. of California v. Moore, supra*, 251 F.2d at 214.

■ Plaintiffs' Exhibit No. 105 is a diary. It was written by appellee Clark, who began taking notes at the suggestion of a legal aid attorney. The 216–page diary chronicles the appellees' encounters with the police, their discussions with other vendors and city officials, and describes the appellees' and other vendors' feelings about these encounters and discussions. It is replete with hearsay and multiple hearsay entries. The diary was not made to be used in Clark's business of selling new and used merchandise. It was expressly made for the purpose of litigation. The diary does not contain records of sales or meetings or other business transactions. Neither appellee relied on the diary in conducting business.

The diary should not have been admitted as a business record exception to the hearsay rule. It was not prepared in the regular course of a business activity, nor was it used in the routine operation of the business or agency. The diary is replete with instances of hearsay and multiple hearsay and non-expert opinion which is not independently admissible. Further, a document prepared for purposes of litigation is not a business record because it is lacking in trustworthiness. *Palmer v. Hoffman*, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943).

■ A memorandum or record is admissible under the recorded recollection exception to the hearsay rule if (1) the witness once had knowledge, (2) now has insufficient recollection to testify fully, and (3) the record was made by the witness when the matter was fresh in his memory and reflected his knowledge correctly. Fed.R. Evid. 803(5);[2] *United States v. Edwards*,

1. The complete text of Fed.R.Evid. 803(6) is as follows:

"(6) Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."

2. The text of Fed.R.Evid. 803(5) provides:

"(5) Recorded recollection. A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown to

539 F.2d. 689 (9th Cir. 1976), *cert. denied*, 429 U.S. 984, 97 S.Ct. 501, 50 L.Ed.2d 594.

■ We do not need to determine whether the document was properly admissible under this exception, because even if the trial court correctly admitted it into evidence as recorded recollection, it erred in permitting such memorandum to be received as an exhibit when not offered by the adverse party.[3] Rule 803(5) provides that the memorandum may be received as an exhibit only if offered by an adverse party. Here the diary was offered by appellees and received as an exhibit. Appellants did not offer the exhibit as evidence, but continually objected to its introduction.

■ A statement that is not specifically covered by any of the enumerated exceptions to the hearsay rule but that has equivalent circumstantial guarantees of trustworthiness can be admissible, providing the court makes certain preliminary determinations. Fed.R.Evid. 803(24).[4] The diary is clearly not admissible under this exception to the hearsay rule. It does not have circumstantial guarantees of trustworthiness equivalent to the enumerated exceptions. Lack of trustworthiness makes it inadmissible.

■ Admission of plaintiffs' Exhibit No. 105 was error. Its admission was reversible error because its contents were highly prejudicial to the appellants. The diary is a heavily emotive document that does not simply relate factual occurrences, but is written in a style designed to arouse sympathy and create enmity for the appellants. Further, the document constitutes a written account of practically all of appellees' case against the appellants. *See United States v. Ware*, 247 F.2d 698 (7th Cir. 1957).

Appellees argue that the diary is mere surplusage and cumulative, since there was overwhelming other evidence from the testimony of appellees and other witnesses and the numerous photographs, films and other exhibits, and that reversal is not appropriate. We cannot agree. The diary went far beyond the other evidence properly brought forth in this case, in that it contained much hearsay and opinion statements, and was written in a highly emotional and sympathetic manner.

■ Appellees also argue that references to the diary by counsel for the appellants constitutes a waiver of appellants' objection to admission of the diary in evidence, or at the very least invited the prejudicial effect of the diary. Reference to evidence admitted over a party's objection does not constitute a waiver of their original objection. Otherwise, a party would unfairly be required to give up its opportunity to convince the jury to find in its favor in order to preserve its right to raise evidentiary issues on appeal. A party in its closing argument must deal with the evidence which the jury will consider, including evidence admitted over objection. In addition, all references to the diary during

have been made or adopted by the witness when the matter was fresh in his memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party."

3. Appellants do not object to some uses of the diary pursuant to the recorded recollection hearsay exception in which appellee Bunker read the relevant portions into the record, at least as to the passages that are not inadmissible because of opinion or hearsay.

4. Fed.R.Evid. 803(24) provides:
"(24) Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant."

closing argument by appellants' counsel involved what the diary did not contain, i. e., lists of merchandise sold or records of monies collected, the absence of which would tend to show that the diary was not reliable.

Since the admission of the diary was improper and constitutes reversible error, we reverse and remand for a new trial.

### IV.

Since we reverse and remand for a new trial, we need not decide whether there was substantial evidence to support the verdict.

### V.

Appellees, in a cross appeal, contend that the zoning ordinance L.A.M.C. § 12.-13(A)(2)(b)(2), which requires that all commercial activities be "conducted wholly within an enclosed building", is unconstitutionally overbroad.

■ The overbreadth doctrine holds that a law is void on its face if it sweeps within its ambit not solely activity that is subject to governmental control, but also includes within its prohibition the practice of a protected constitutional right. *Dombrowski v. Pfister*, 380 U.S. 479, 486, 85 S.Ct. 1116, 1120, 14 L.Ed.2d 22 (1965). The overbreadth doctrine has been applied almost exclusively in the areas of first amendment expressive or associational rights. *Broadrick v. Oklahoma*, 413 U.S. 601, 612, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830 (1973); *Dombrowski, supra* 380 U.S. at 486–87, 85 S.Ct. at 1120–22; *Chase v. Davelaar*, 645 F.2d 735, at 737 (9th Cir. 1981); *see* L. Tribe, *American Constitutional Law* 710–12 (1978). Cross-appellants claim that the zoning ordinance inhibits, not their exercise of a first amendment right, but solely of their right to earn a living. In this case this interest is insufficient to invoke the overbreadth doctrine.

Cross-appellants appear to argue that the ordinance is unconstitutional because it creates an unbridled discretion in the zoning officials to determine who shall be prosecuted for its violation. They argue that the ordinance has been enforced only against open-air vendors and not against other commercial activities outside of buildings such as sidewalk cafes, outdoor display tables, and other used merchandise sales.

■ Even assuming these allegations are true, they would be insufficient to find the ordinance itself unconstitutional. Zoning regulations that attempt to regulate the use of property have generally been upheld if the ordinance bears a rational relationship to a legitimate governmental interest. *City of Eastlake v. Forest City Enterprises, Inc.*, 426 U.S. 668, 676, 96 S.Ct. 2358, 2363, 49 L.Ed.2d 132 (1976); *Euclid v. Ambler Realty Co.*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926) *American Savings & Loan Assn. v. County of Marin*, 653 F.2d 364, at 370–71 (9th Cir. 1981); *Ybarra v. City of Town of Los Altos Hills*, 503 F.2d 250, 254 (9th Cir. 1974). The ordinance here has several possible rational bases, such as public safety, preservation of the scenic environment, and aesthetics.

■ Further, other provisions of the zoning code provide for appeals from zoning decisions made by the Department of Building and Safety, L.A.M.C. § 12.27(A), and also provide for conditional use permits and for variances if unnecessary hardship or special circumstances exists. L.A.M.C. §§ 12.24 and 12.27(B). These procedures ensure that the exercise of authority under the zoning ordinance here is not unrestrained and arbitrary, and distinguish this case from the unbridled discretion condemned in the ordinance in *Yick Wo v. Hopkins*, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886).

Accordingly, the trial court's denial of appellees' motion to declare the zoning ordinance unconstitutional is AFFIRMED.

The judgment is REVERSED and REMANDED for a new trial.