RONALD E. HOWARD and BETTY J. HOWARD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Howard v. Commissioner
Docket No. 12347-84.
United States Tax Court
T.C. Memo 1985-203; 1985 Tax Ct. Memo LEXIS 432; 49 T.C.M. (CCH) 1344; T.C.M. (RIA) 85203; April 25, 1985. Ronald E. Howard and Betty J. Howard, pro se. David W. Johnson, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies in petitioners' Federal income taxes for 1980, 1981, and 1982 in the amounts of $2,749, $4,213, and $15, respectively. The deficiencies resulted from disallowance of claimed contributions to the Universal Life Church. FINDINGS OF FACT Some *433 of the facts have been stipulated, and the stipulation is incorporated herein by this reference. Petitioners were residents of Houston, Texas, at the time they filed their petition herein. They filed joint Federal income tax returns with the Director, Internal Revenue Service, Austin, Texas, for the years 1980, 1981, 1982. On those returns they claimed charitable contributions to the Universal Life Church in the amounts of $11,133, $15,845, and $7,740, respectively. With the exception of minor amounts paid for services and/or supplies, the amounts claimed as deductions were not sent to the Universal Life Church, Inc., of Modesto but were deposited into bank accounts maintained by local chapters of the Universal Life Church. One of those chapters was operated by petitioners out of their home, and they had sole signature authority over the bank account of that chapter. Of the total contributions claimed, $750 per month was paid to petitioners as a "housing allowance." Other amounts were spent for meals for petitioners, their eight children, and friends. OPINION Contrary to assertions made by petitioners, we are not have concerned with any attempt to interfere with petitioners' *434 rights under the First Amendment of the Constitution to free exercise of religion. Their religious activities are not being taxed.The question is whether petitioners may receive tax deductions for their maintenance of certain activities. Deductions are a matter of legislative grace, and the taxpayers must satisfy the specific statutory requirements of the deductions that they claim. Deputy v. du Pont,308 U.S. 488 (1940); New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). Petitioners bear the burden of proving their entitlement to those deductions. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
To secure a deduction for a charitable contribution under section 170(a), (b)(1), and (c), [1] petitioners must establish that they have made an unconditional gift to a qualified entity. See DeJong v. Commissioner,309 F.2d 373, 376-379 (9th Cir. 1962), affg. 36 T.C. 896 (1961). Qualified entities under section 170 are essentially those organizations that qualify for an exemption from tax under section 501(c)(3). Although the Universal Life Church of *435 Modesto, Inc., was at one time held to be a qualified entity, [2] that status has not been extended to local chapters such as the one operated by petitioners. Petitioners have not shown that this case is any different from the numerous other cases involving local chapters of the Universal Life Church, in which taxpayers failed to prove that the deductions claimed by them were qualified charitable contributions. Their retained control over the funds allegedly contributed and the inurement of the use of those funds to their personal benefit preclude deductibility. See, e.g., Davis v. Commissioner,81 T.C. 806, 815-819 (1983), on appeal (9th Cir., June 25, 1984). During the course of discovery and during trial, petitioners claimed that respondent and the Court should have accepted as evidence *436 of their contributions purported receipts from the Universal Life Church, Inc., Modesto, California. The same contention was made in the same context in Hall v. Commissioner,729 F.2d 632 (9th Cir. 1984), affg. a Memorandum Opinion of this Court. The Court of Appeals stated: Church records are admissible under the business records exception if a proper foundation is laid by a qualified witness. H.R. Conf. Rep. No. 93-1597, 93d Cong., 2d Sess. at 11, reprinted in [1974] 4 U.S. Code Cong. & Ad. News 7051, 7098, 7104. That foundation must consist of testimony that the proffered record was created near the time of the act, was based on reliable information, and that it was the regular practice of the Church to keep the record and rely upon it in the conduct of its business. See Clark v. City of Los Angeles,650 F.2d 1033, 1037 (9th Cir. 1981), cert. denied, 456 U.S. 927, 102 S.Ct. 1974, 72 L.Ed.2d 443 (1982). Here, no such foundation was laid, so the evidence was properly excluded. [729 F.2d at 634-635.] In Davis v. Commissioner,supra, a representative of the church was present to testify. *437 We stated: C. "Receipts" from ULC Modesto.--Petitioners argue that the documents purportedly evidencing their contributions to ULC Modesto should be admitted as business records of that entity. See rule 803(6), Fed. R. Evid. Those purported receipts were properly excluded. First of all, the proponent of those documents, ULC Modesto's president Kirby J. Hensley, could not provide the requisite foundation testimony as "the custodian or other qualified witness." Rule 803(6), Fed. R. Evid. Hensley testified that he cannot read or write. Thus, he was unable to testify how such records were obstensibly kept in the ordinary course of ULC Modesto's business. More importantly, from his testimony, it is clear that the purported receipts offered into evidence were prepared shortly before the trial and prepared solely for purposes of this trial and thus do not constitute business records. And even assuming that the records from which the figures in the purported receipts were taken may have constituted business records of ULC Modesto, Hensley did not produce those records. In view of Hensley's testimony as to the *438 source of the information in those records and how ULC Modesto obtained the information, we seriously doubt that such records, even if produced, would constitute business records of ULC Modesto. Rule 803(6), Federal Rules of Evidence, provides an exception to the business records exception--"unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness." In view of the source of the information for these purported receipts (unverified information purportedly furnished by petitioners themselves), we would accord these records little weight even if they were received into evidence. [81 T.C. at 814-815. Fn. refs. omitted.] See also Kalgaard v. Commissioner,T.C. Memo. 1984-283, on appeal (9th Cir., Oct. 5, 1984). This case is thus totally unlike the case relied on by petitioners, Jefferson v. United States, ( N.D. Ga. 1973, 32 AFTR 2d 73-6053, 74-1 USTC par. 9205), in which the United States District Court accepted the testimony of a taxpayer, corroborated by a letter from the financial secretary of the Ebeneezer Baptist Church, as evidence of *439 a contribution in the amount of $131.75 to that church. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. ↩
2. The Internal Revenue Service has announced that it will no longer recognize the tax-exempt status of the Universal Life Church, Modesto, California. Announcement 84-90, 1984-36 I.R.B. 32↩ (September 4, 1984).