**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4822

WILLIAM SHORTER,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                                 No. 98-4823
XAVIER MARCELLUS PAUL, a/k/a
Snap,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-98-192-A)

Submitted: July 7, 1999

Decided: August 19, 1999

Before HAMILTON, LUTTIG, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Suzanne Little, Alexandria, Virginia; Robert W. Mance, III, Washington, D.C., for Appellants. Helen F. Fahey, United States Attorney, Morris R. Parker, Jr., Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William Shorter and Xavier Marcellus Paul appeal their convictions for conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846 (1994). Paul also challenges his sentence. Both Appellants allege that sufficient evidence did not exist to support their conviction for a single conspiracy, as charged in the indictment. Shorter challenges the sufficiency of the evidence for conspiracy to possess with intent to distribute crack cocaine and the court's ruling allowing the grand jury testimony of a witness at trial to be read into the record. Paul challenges the court's calculation of the amount of drugs attributable to him and a two-level enhancement he received for obstruction of justice. Finding no error, we affirm the judgments.

We conclude that sufficient evidence existed to support Shorter's conviction for conspiracy to possess with intent to distribute crack cocaine. To prove a drug conspiracy, the prosecution must show that: (1) an agreement to possess the drugs with intent to distribute existed between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of the conspiracy. See United States v. Burgos , 94 F.3d 849, 857 (4th Cir. 1996) (en banc), cert. denied, #6D6D 6D# U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868). A defendant may be convicted of

2

conspiracy without knowing all the conspiracy's details, as long as he joins the conspiracy understanding its unlawful nature and willfully joins in the plan on at least one occasion. See id. at 858. Once the existence of a conspiracy is established, only a slight link between a defendant and the conspiracy is needed to support a conviction. See United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992). Several co-conspirators testified at trial and connected Shorter to the conspiracy. It is evident that Shorter knowingly received his supply from conspiracy members and relied upon the supply and manufacturing provided by the conspiracy.

Shorter and Paul argue that the evidence at trial failed to establish the existence of a single conspiracy of which they were both a part. A single conspiracy exists where there is one overall agreement or general business venture, see United States v. Leavis, 853 F.2d 215, 218 (4th Cir. 1988), or where there is a permissible inference that each actor was aware of his role in a larger organization. See United States v. Vanwort, 887 F.2d 375, 383-84 (2d Cir. 1989). We find that the evidence in this case established one overall agreement to distribute crack cocaine. It is not unusual for a conspiracy to exist involving multiple suppliers. See United States v. Johnson , 54 F.3d 1150, 1154-55 (4th Cir. 1995) (single conspiracy even though competition for multiple suppliers and customers); United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993) (single conspiracy even though parallel, and sometimes competing, suppliers).

Shorter contends that the district court erred in admitting the grand jury testimony of Maria Wright, a Government witness, as a past recollection recorded because the court did not make evidentiary findings that the incidents were fresh in Wright's memory at the time they were recorded and that her testimony was an accurate reflection of her memory. This court reviews evidentiary rulings for an abuse of discretion. See United States v. D'Anjou, 16 F.3d 604, 610 (4th Cir. 1994).

Federal Rule of Evidence 803(5) excepts from the hearsay rule a recorded recollection. Admission of portions of grand jury testimony is a proper use of the recorded recollection exception. See United States v. Barrow, 363 F.2d 62, 67 (3d Cir. 1966). To be admitted, the Government must establish the foundation requirements that (1) the

3

witness once had knowledge about the matters in the document, (2) the witness now has insufficient recollection to testify fully and accurately, and (3) the record was made at a time when the matter was fresh in the witness' memory and reflected the witness' knowledge correctly. See Fed. R. Evid. 803(5); United States v. Edwards, 539 F.2d 689, 691-92 (9th Cir. 1976).

Shorter only argues that the Government did not demonstrate that the witness' memory was fresh at the time she testified at the grand jury proceeding and whether the transcript accurately reflected her testimony. We conclude, considering the circumstances surrounding Wright's grand jury and trial testimony, that the court did not abuse its discretion in admitting the grand jury testimony in accordance with Fed. R. Evid. 803(5). See United States v. Senak , 527 F.2d 129, 141 (7th Cir. 1975).

Paul argues that the 3598 grams of crack cocaine attributed to him as the result of his role in the conspiracy is clearly erroneous. The Pre-Sentence report (PSR) and the court relied upon the testimony of three witnesses, William Roberts, Darren Brown, and Marie Lebby, in calculating the amounts. The court reviews the trial court's factual determinations as to drug quantity for sentencing purposes for clear error. See United States v. Fletcher, 74 F.3d 49, 55 (4th Cir. 1996). The court's decision to adopt the PSR calculation was based on the court's assessment of the evidence at trial, and the court specifically noted that it relied upon its determination of the witnesses' credibility. This court is "doubly" reluctant to overturn factual findings of the trial court when the determination rests upon the demeanor and credibility of witnesses. See D'Anjou, 16 F.3d at 614. We find that the record does not reveal that the court clearly erred in attributing 3598 grams of crack cocaine to Paul.

Finally, Paul argues that the court erred by increasing his offense level by two levels for obstruction of justice under U.S. Sentencing Guidelines Manual § 3C1.1 (Nov. 1998), because Paul perjured himself at trial. Perjury is conduct that warrants the enhancement. See id. at n.3. An enhancement for perjury is sufficient if the court's finding "`encompasses all of the factual predicates for a finding of perjury.'" United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995) (quoting United States v. Dunnigan, 507 U.S. 87, 94-95 (1993)). The court

4

must find that a defendant "`gave false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.'" Id.

The court applied the enhancement because Paul testified that he never sold or dealt with drugs in the conspiracy. The court found "[Paul's] testimony concerning the drug aspect of the case in dealing with this was a material matter which was intended to mislead a jury . . . ." (J.A. 951). Therefore, the district court found that Paul's testimony was willfully false and involved material matters. These findings were sufficient as a matter of law and were not clearly erroneous. See Castner, 50 F.3d at 1279.

We therefore affirm the judgments. We deny Shorter's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5