FILED

APR 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TIMOTHY R. BLOWERS,

          Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

          Respondent - Appellee.

No. 13-16875

D.C. No. 4:09-cv-617-AWT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
A. Wallace Tashima, District Judge, Presiding

Argued and Submitted March 30, 2015
San Diego, California

Before: WALLACE and SCHROEDER, Circuit Judges, and BENITEZ, District
Judge.[**]

      Appellant Timothy Blowers appeals from the denial of his motion to vacate,

set aside, or correct a sentence under 28 U.S.C. § 2255. We have jurisdiction

under 28 U.S.C. § 1291. We affirm.

---

      [*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]The Honorable Roger T. Benitez, District Judge for the U.S. District Court
for the Southern District of California, sitting by designation.

1. Blowers argues that he received ineffective assistance of counsel when trial counsel failed to object to the admission of a letter written by the Government's witness. The letter contained various dates that Blowers allegedly violated the law. Blowers argues the letter was inadmissible hearsay. The district court declined to address whether Blowers' trial counsel performed deficiently, but concluded that, even if he had, his performance was not prejudicial. We agree.

The district court was not required to address whether trial counsel's performance was deficient where there was no prejudice. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). The witness could have testified to the contents of the letter. The letter could have been used to refresh the witness' recollection. The letter could have been read into evidence under Federal Rule of Evidence 803(5). Thus, the contents of the letter would have been presented to the jury in some form or fashion. In addition, the Government called other witnesses to testify to various dates on which Blowers committed the charged offenses. Even if trial counsel's failure to object to the admission of the letter was deficient, it was not prejudicial. *See Clark v. City of Los Angeles*, 650 F.2d 1033, 1036 (9th Cir. 1981).

2. Blowers argues that his trial counsel provided ineffective assistance because he failed to prove there was no damage to the Indian Kitchen

archaeological site.  This argument is without merit.  Blowers was convicted of violating the Archaeological Resource and Protection Act, 16 U.S.C. § 470ee, which prohibits a person from damaging archaeological resources.  The district court did not err in holding that trial counsel's failure to present such evidence was not prejudicial because the evidence at trial showed damage to archaeological resources, beyond the damage done to the Indian Kitchen site.

AFFIRMED.