NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESSE ELIZONDO and RANDEE ELIZONDO,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>CITY OF JUNCTION CITY; MIKE CAHILL, Mayor of Junction City; RANDY NELSON, City Council President; BILL DEMARCO; HERB CHRISTENSEN; JIM LEACH; KAREN LEACH; and STEVEN HITCHCOCK, City Council Members,<br><br>Defendants-Appellees. | No.   16-35129<br><br>D.C. No. 6:15-cv-01853-AA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted October 7, 2016[**]
Portland, Oregon

Before:  O'SCANNLAIN, CLIFTON, and NGUYEN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent, except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Jesse and Randee Elizondo (the "Elizondos") appeal the district court's denial of their motion to preliminarily enjoin the City of Junction City (the "City") from cutting down a tree located in front of their residential property. We have jurisdiction under 28 U.S.C. § 1292, and we affirm.

We review the denial of a preliminary injunction for abuse of discretion and the underlying legal principles *de novo*. *DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776 (9th Cir. 2011). The district court abuses its discretion when it bases "its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

The district court here appropriately applied the preliminary injunction factors under *Winter v. Natural Resource Defense Council, Inc.*, 555 U.S. 7, 20 (2008), and did not abuse its discretion in concluding that the Elizondos failed to show a fair chance of success on the merits of their procedural due process claim. *See Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012). The City afforded the Elizondos opportunities to be heard through public meetings and considered the Elizondos' arguments before deciding to cut down the tree. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985) (procedural due process simply requires notice of the proposed decision, some explanation of the evidence

2

supporting the decision, and a meaningful opportunity for the affected party to tell his side of the story).

The district court also did not abuse its discretion in denying preliminary injunction on the Elizondos' Equal Protection Clause claim. The Elizondos can succeed on their claim only if they show that they were intentionally treated differently from other similarly situated property owners, and that the difference in treatment lacked a rational basis. *See Gerhart v. Lake Cty., Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011). The evidence does not show that they were treated differently than other similarly situated property owners. As the district court noted, the situations of other property owners cited by the Elizondos were not sufficiently similar because they did not present all of the unique issues posed by the maple tree in front of the Elizondos' property, including its location on an intersection, which created a visual setback in violation of the thirty-foot requirement of the municipal code, caused the surrounding sidewalk to buckle, and obstructed the installation of an Americans with Disabilities Act-compliant ramp. Moreover, the City provided multiple rational bases for its decision. The City's decision to remove the tree was based on legitimate considerations of the high costs of alternatives and the aesthetics of maintaining a uniform street design. *See*

*Seeboth v. Allenby*, 789 F.3d 1099, 1105 (9th Cir. 2015) (noting that the state court's determination that parties were not similarly situated "amounts to a determination that the state has a constitutionally sufficient reason for treating the groups differently"); *see also Clark v. City of Los Angeles*, 650 F.2d 1033, 1039 (9th Cir. 1981) (approving aesthetics as a possible rational basis for a zoning ordinance).

**AFFIRMED.**