NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TREVOR WOODS and TYRA WOODSON,<br><br>                  Plaintiffs-Appellees,<br><br>  v.<br><br>JOHN B. FAGAN and DANIEL A. MARTINEZ,<br><br>                  Defendants-Appellants,<br><br> and<br><br>DOES, 1-10, inclusive,<br><br>                  Defendants. | No.   16-56545<br><br>D.C. No.<br>2:14-cv-08374-VAP-SP<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Submitted March 9, 2018**
Pasadena, California

---

    *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: W. FLETCHER and OWENS, Circuit Judges, and MOSKOWITZ,*** Chief District Judge.

In this action under 42 U.S.C. § 1983, Defendants-Appellants John B. Fagan and Daniel A. Martinez, both Long Beach Police Department ("LBPD") officers, appeal from the district court's judgment following a jury verdict imposing liability for the fatal shooting of Tyler Woods, son of Plaintiffs-Appellees Trevor Woods and Tyra Woodson. Fagan and Martinez also appeal from the district court's award of attorney's fees under 42 U.S.C. § 1988. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Because "a party is entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence," *Gantt v. City of L.A.*, 717 F.3d 702, 706 (9th Cir. 2013) (internal quotation marks and brackets omitted), the district court did not err in instructing the jury to first consider whether deliberation was practical and then, depending on its answer to that question, to apply either the deliberate-indifference or purpose-to-harm standard. The practicality of deliberation was a factual question hotly contested at trial, and ample evidence supported Appellees' theory that Woods posed no immediate

***  The Honorable Barry Ted Moskowitz, Chief United States District Judge for the Southern District of California, sitting by designation.

2

threat to Appellants or the surrounding community; that Appellants therefore had sufficient time, both before and during the shooting, to deliberate over Woods's safety and the necessity of deadly force; and that they in fact did so. *See, e.g.*, *Gantt*, 717 F.3d at 707-09. Thus, the instruction was not erroneous.

Because a reasonable jury could have inferred from the evidence that deliberation was practical and that Appellants acted with deliberate indifference, the district court did not err in denying Appellants' renewed motion for judgment as a matter of law under Fed. R. Civ. P. 50(b). *Dunlap v. Liberty Nat. Prods., Inc.*, 878 F.3d 794, 797 (9th Cir. 2017). For the same reason, the district court did not abuse its discretion in denying Appellants' motion for a new trial under Fed. R. Civ. P. 59. *DSPT Int'l, Inc. v. Nahum*, 624 F.3d 1213, 1218 (9th Cir. 2010).

2. Whether the LBPD police chief had found the Woods shooting to be inconsistent with LBPD's use-of-force policy was relevant under Fed. R. Evid. 402 to assessing whether Appellants harbored "an unlawful purpose to harm." *Porter v. Osborn*, 546 F.3d 1131, 1137, 1141-42 (9th Cir. 2008); *see also Clark v. City of L.A.*, 650 F.2d 1033, 1036 (9th Cir. 1981). Moreover, in light of Officer Martinez's testimony that the LBPD Shooting Review Board and the Los Angeles County District Attorney's Office had found the Woods shooting "in policy," it was within the district court's discretion to conclude that any unduly prejudicial effect associated with evidence of the LBPD chief's contrary determination was

sufficiently mitigated, such that Fed. R. Evid. 403 did not require that the evidence be stricken. *See, e.g., Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008); *United States v. Robertson*, 875 F.3d 1281, 1296 (9th Cir. 2017).

In any event, given the brevity of Officer Martinez's testimony on this issue; his opportunity to explain that authorities other than the LBPD chief had deemed his shooting consistent with department policy; and the fact that the issue was never brought up again during either the evidence or argument, any error was harmless. *See Obrey v. Johnson*, 400 F.3d 691, 701 (9th Cir. 2005).

For the same reasons, the court did not abuse its discretion in refusing a curative instruction or in denying Appellants' motion for a new trial. *DSPT Int'l, Inc.*, 624 F.3d at 1218.

3. The district court did not abuse its discretion in calculating the attorney's-fees award. It was within the district court's discretion to weigh the declarations submitted by Appellees' counsel and Dale Galipo in support of Appellees' fees request and to credit those declarations to the extent they provided information relevant to the lodestar analysis. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205-07, 1209 n.11 (9th Cir. 2013). Appellants fail to show that doing so was "illogical, implausible or without support in the record." *Id.* at 1202.

Moreover, although Appellants contend that the number of hours the district court awarded was unreasonable, they assert only that according to a declaration

filed by their fees expert—a document filed *before* the district court reduced the hours Appellees requested—"Plaintiffs' attorneys are seeking compensation for hours not reasonably expended in the prosecution of this action." Because Appellants have failed to raise any argument "clearly and distinctly in the opening brief" explaining why the hours the court actually awarded were unreasonable, their assertion of error in that award is forfeited. *See, e.g.*, *McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009).

**AFFIRMED.**