FILED

**NOT FOR PUBLICATION**

DEC 11 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESSE ELIZONDO; RANDEE ELIZONDO, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY OF JUNCTION CITY; MIKE CAHILL, Mayor of Junction City; RANDY NELSON, City Council President; BILL DEMARCO, City Council Member; HERB CHRISTENSEN, City Council Member; JIM LEACH, City Council Member; KAREN LEACH, City Council Member; STEVEN HITCHCOCK, City Council Member, <br><br> Defendants-Appellees. | No.  17-35541 <br><br> D.C. No. 6:15-cv-01853-AA <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted December 6, 2018[**]
Seattle, Washington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: W. FLETCHER and BYBEE, Circuit Judges, and BURNS,[***] District Judge.

Plaintiff-Appellants Jesse and Randee Elizondo ("the Elizondos") appeal the district court's grant of summary judgment in favor of the City of Junction City ("the City") on their substantive due process and equal protection claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

On appeal, we review an order granting summary judgment *de novo*. *Metcalf v. Daley*, 214 F.3d 1135, 1141 (9th Cir. 2000). Summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Elizondos argue that the City's decision to remove the tree on the corner of 6th Avenue and Kalmia Street violates their substantive due process rights. The acts of a city "that do not impinge on fundamental rights or employ suspect classifications are presumed valid, and this presumption is overcome only by" showing that the city's act was "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare." *Kawaoka v. City of Arroyo Grande*, 17 F.3d 1227, 1234 (9th Cir. 1994) (citation

---

[***] The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

omitted). Here, the City decided to remove the tree because it was damaging the curb and sidewalk, it prevented the city from installing ADA-compliant sidewalk ramps, and it violated the visual clearance requirements of the City's Municipal Code. *See* Junction City Mun. Code § 17.95.090. The City's rejection of the "bulb-out" approach recommended by the Elizondos also had a rational basis. *See* *Clark v. City of Los Angeles*, 650 F.2d 1033, 1039 (9th Cir. 1981) (listing "aesthetics" as a "rational bas[is]" for a city ordinance). Thus, there exists no genuine dispute of material fact that the city acted with "no substantial relation to the public health, safety, morals or general welfare," and the district court correctly granted summary judgment on the Elizondos' substantive due process claim. *See* *Kawaoka*, 17 F.3d at 1234.

The Elizondos also assert that the City's decision violates their right to equal protection under the Fourteenth Amendment. *See* U.S. Const. amend XIV, § 1. Where "state action does not implicate a fundamental right or suspect classification," the Elizondos can only establish a "class of one" equal protection claim by showing that they have been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" or that the City's enforcement decision was based on "an impermissible motive." *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004), *overruled*

3

*on other grounds by Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528 (2005). Here, the evidence does not show that the Elizondos were treated differently than "others similarly situated." The situations of the other property owners cited by the Elizondos are not sufficiently similar because the trees in those instances were not located on city corners. In addition, the Elizondos have presented no evidence that the city acted with an impermissible motive. The district court, therefore, correctly granted summary judgment on the Elizondos' equal protection claim.

Accordingly, the judgment of the district court is **AFFIRMED**.