| STATE OF LOUISIANA | * | NO. 2024-K-0597 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| TYRON DAVIS | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 555-243, SECTION "SECTION L"
Judge Angel Harris,
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Rachael D. Johnson, Judge Nakisha Ervin-Knott)

Jason R. Williams
District Attorney
Brad Scott
Assistant District Attorney
ORLEANS PARISH
619 South White Street
New Orleans, LA 70119

COUNSEL FOR RELATOR, STATE OF LOUISIANA

Rachel I. Conner
Grace Bronson
3015 Magazine Street
New Orleans, LA 70115

COUNSEL FOR DEFENDANT/RESPONDENT, TYRON DAVIS

**WRIT GRANTED
SEPTEMBER 20, 2024**

The State of Louisiana ("the State") seeks review of the trial court's September 18, 2024 pretrial ruling that the RaceTrac surveillance video does not qualify as a business record, thus cannot be self-authenticated under La. C.E. art. 902(11). For the following reasons, we grant the State's writ and reverse the trial court's ruling.

On August 19, 2022, the State charged Tyron Davis ("Defendant") with second degree murder and obstruction of justice; trial was set for September 23, 2024. Ten days prior to trial, the State emailed notice to defense counsel of its intent to offer surveillance video from the RaceTrac gas station and self-authenticate this video under La. C.E. art. 902(11). Defendant objected to the self-authentication of the surveillance video. On September 18, 2024, the trial court ruled from the bench that the surveillance video was not a business record, and therefore was not self-authenticating. The next day, the State filed a notice of intent to seek a writ of review on the September 18, 2024 trial court ruling. The trial court signed the order on the same day. This writ review follows.

1

Louisiana Code of Evidence Article 902(11)[1] allows evidence to be self-authenticated if it meets the requirements of La. C.E. art. 803(6)[2], which excludes from the hearsay rule records of regularly conducted business activity. The present issue before this Court is whether the RaceTrac surveillance video is a "record of a regularly conducted business activity", thus permitting self-authentication. Although there is no Louisiana caselaw that addresses whether a business' surveillance video

_____

[1] Louisiana Code of Evidence Article 902(11) states:
Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

…

(11) Certified records of a regularly conducted business activity in criminal cases. In criminal cases, the original or a copy of a record of a regularly conducted business activity that meets the requirements of Article 803(6)[1], as shown by a certification of the custodian or another qualified person, and that complies with Louisiana law, including R.S. 13:3733 through 3733.2, or a rule prescribed by the Louisiana Supreme Court. Before the trial or hearing, the proponent shall give an adverse party reasonable written notice of the intent to offer the record and shall make the record and certification available for inspection so that the party has a fair opportunity to challenge it.

[2] Louisiana Code of Evidence Article 803(6) states:
The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

…

(6) Records of regularly conducted business activity. A memorandum, report, record, or data compilation, in any form, including but not limited to that which is stored by the use of an optical disk imaging system, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if made and kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make and to keep the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. This exception is inapplicable unless the recorded information was furnished to the business either by a person who was routinely acting for the business in reporting the information or in circumstances under which the statement would not be excluded by the hearsay rule. The term "business" as used in this Paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit. Public records and reports which are specifically excluded from the public records exception by Article 803(8)(b) shall not qualify as an exception to the hearsay rule under this Paragraph.

2

is considered a business record, the Eleventh Circuit has recognized the surveillance videos of a business – connected to that business – are in fact business records. *See United States v. Clotaire,* 963 F.3d 1288, 1294 (11th Cir. 2020) ("[N]o one doubts that the surveillance videos themselves were self-authenticating business records under Rule 803(6).").

Further, in citing to Fed.R.Evid. 803(6), which mirrors La. C.E. art. 803(6), the Ninth Circuit has determined:

> For a memorandum or record to be admissible as a business record, it must be (1) made by a regularly conducted business activity, (2) kept in the "regular course" of that business, (3) "the regular practice of that business to make the memorandum," (4) and made by a person with knowledge or from information transmitted by a person with knowledge.

*Clark v. City of Los Angeles*, 650 F.2d 1033, 1036-7 (9th Cir. 1981).

In the matter herein, the State desires to offer into evidence the RaceTrac surveillance video and have it self-authenticated under La. C.E. art. 902(11). The State has provided a business record certification signed by the custodian of records for RaceTrac, which provides, in pertinent part:

> I am a custodian of records maintained by our business or am a person otherwise qualified to make these representations contained herein as my job responsibilities include the gathering of records pursuant to subpoena or other requests…

> The attached record(s) are either originals or duplicate copies described as: video surveillance from RT2383 (3500 General DeGaulle)

> The attached record(s) were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person having knowledge of those matters.

3

The attached records(s) were kept in the course of the regularly conducted activity of our business.

I am aware that falsely making this Certification or Declaration would subject me to criminal penalty under the laws of the foreign or domestic location in which this certification or declaration was signed.

This Court agrees that a business' surveillance video is a business record of that particular business. Consequently, the RaceTrac surveillance video is a business record that can be self-authenticated, and the State has provided a notarized certification from RaceTrac, which properly self-authenticates the surveillance video.

For these reasons, we find that the trial court erred in ruling that the RaceTrac surveillance video does not qualify as a business record, and thus cannot be self-authenticated under La. C.E. art. 902(11). Accordingly, this writ is granted, and the trial court's September 18, 2024 ruling is reversed.

**WRIT GRANTED**